# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00014-CR

**Troy Blanchard, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY, NO. C-1-CR-14-151995, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Troy Blanchard appeals the trial court's denial of his application for a pre-trial writ of habeas corpus in which he asserted that Texas Penal Code subsection 42.07(a)(7), which proscribes harassment by electronic communications, is unconstitutional. *See* Tex. Penal Code § 42.07(a)(7). We will affirm.

## BACKGROUND

Blanchard was charged by information and complaint with harassment by sending hundreds of text messages to his former wife that contained profane, derogatory, and insulting language regarding her and her family with the intent to harass, annoy, alarm, abuse, torment, or embarrass her. Blanchard filed an application for a pre-trial writ of habeas corpus challenging the constitutionality of Texas Penal Code subsection 42.07(a)(7). Blanchard challenged the facial constitutionality of the statute, asserting that it is vague and overbroad because it criminalizes speech

protected by the First Amendment to the United States Constitution. After a hearing, the trial court denied the application for writ of habeas corpus. Blanchard perfected this appeal asserting in one issue that the trial court erred by denying the application for a pre-trial writ of habeas corpus.

## DISCUSSION

Blanchard has challenged the facial constitutionality of Texas Penal Code subsection 42.07(a)(7), asserting that it is both overbroad and unduly vague.[1] A statute may be challenged as unduly vague, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, if it does not (1) give a person of ordinary intelligence a reasonable opportunity to know what is prohibited and (2) establish definite guidelines for law enforcement. *Bynum v. State*, 767 S.W.2d 769, 773 (Tex. Crim. App. 1989). A statute may be challenged as overbroad, in violation of the Free Speech Clause of the First Amendment, if, in addition to proscribing activity that may constitutionally be forbidden, it sweeps within its coverage a substantial amount of expressive activity that is protected by the First Amendment. *Morehead v. State*, 807 S.W.2d 577, 580 (Tex. Crim. App. 1991). Ordinarily, a criminal defendant who challenges a statute as unduly vague must show that it is vague as applied to the conduct for which he was charged. *Parker v. Levy*, 417 U.S. 733, 756 (1974); *Bynum*, 767 S.W.2d at 774. If, however, the challenged statute implicates the free-speech guarantee of the First Amendment—that is, if the statute is susceptible of application to speech guaranteed by the First Amendment—the defendant may argue that

---

[1] Whether a criminal statute is facially constitutional is a question of law that we review de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). We usually begin with the presumption that the statute is valid, and the burden rests on the person challenging the statute to establish its unconstitutionality. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002).

the statute is overbroad on its face because its vagueness makes it unclear whether it regulates a substantial amount of protected speech. *United States v. Williams*, 553 U.S. 285, 304 (2008); *Gooding v. Wilson*, 405 U.S. 518, 520-21 (1972). This exception to the usual rule is deemed justified because the otherwise continued existence of the statute in its unnarrowed form would tend to suppress constitutionally protected rights. *Gooding*, 405 U.S. at 521.

Blanchard challenges the constitutionality of subsection 42.07(a)(7) on the grounds that it is overbroad and unconstitutionally vague. Subsection 42.07(a)(7) provides:

> (a) A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person:
> . . . .
> (7) sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.

Tex. Penal Code § 42.07(a)(7). Blanchard argues that subsection 42.07(a)(7) is unconstitutional because it is overbroad in that it invades the area of protected speech. Blanchard also argues that the statute is unconstitutionally vague. In order for Blanchard to make a facial challenge to the statute based on vagueness, the statute must be susceptible of application to protected speech.[2] Thus, both Blanchard's overbreadth and vagueness challenges depend on whether the statute criminalizes communications that fall within the scope of protected speech.

---

[2] Blanchard may not bring an as-applied challenge to the statute's constitutionality in a pre-trial writ of habeas corpus. *See, e.g.*, *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. 2010) ("Pretrial habeas can be used to bring a facial challenge to the constitutionality of the statute that defines the offense but may not be used to advance an 'as applied' challenge.") (citing *Ex parte Weise*, 55 S.W.3d 617, 620-21 (Tex. Crim. App. 2001)); *cf. Ex parte Perry*, 483 S.W.3d 884, 898 (Tex Crim. App. 2016) (pre-trial habeas is available vehicle for government official to advance as applied separation of powers claim that alleges infringement of his own power as government official).

The Texas Court of Criminal Appeals has previously considered whether the telephone harassment portion of section 42.07 implicates the First Amendment's free-speech guarantee in the context of an overbreadth and vagueness challenge. *See Scott v. State*, 322 S.W.3d 662, 668-69 (Tex. Crim. App. 2010) (addressing subsection 42.07(a)(4)).**³** The court discussed the scope of protection granted by the Free Speech Clause, stating that "it generally protects the free communication and receipt of ideas, opinions, and information" but also noted that "[t]he State may lawfully proscribe communicative conduct (i.e., the communication of ideas, opinions, and information) that *invades the substantial privacy interests of another in an essentially intolerable manner.*" *Id.* (internal citations omitted) (emphasis added). The court then applied principles of statutory construction to interpret subsection 42.07(a)(4), focusing on its plain text as applied in the charging instrument. *Id.* at 669. According to the court, the statute's plain text required the actor to have the specific intent "to inflict harm on the victim in the form of one of the listed types of emotional distress." *Id.* The court further stated that the statute requires the actor to make repeated telephone calls to the victim and to make the calls in a manner reasonably likely to harass, annoy, alarm, abuse, torment,

---

³ Subsection 42.07(a)(4) provides:

(a) A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person:
. . . .
(4) causes the telephone of another to ring repeatedly or makes repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.

Tex. Penal Code § 42.07(a)(4).

embarrass, or offend the average person. *Id.*[4] The court then concluded that subsection 42.07(a)(4) does not implicate the First Amendment's free speech guarantee. The court reasoned:

> The statutory subsection, by its plain text, is directed only at persons who, with the specific intent to inflict emotional distress, repeatedly use the telephone to invade another's privacy and do so in a manner reasonably likely to inflict emotional distress. Given that plain text, we believe that the conduct to which the statutory subsection is susceptible of application will be, in the usual case, essentially noncommunicative, even if the conduct includes spoken words. That is to say, in the usual case, persons whose conduct violates § 42.07(a)(4) will not have an intent to engage in the legitimate communication of ideas, opinions, or information; they will have only the intent to inflict emotional distress for its own sake. To the extent that the statutory subsection is susceptible of application to communicative conduct, it is susceptible of such application only when that communicative conduct is not covered by the First Amendment because, under the circumstances presented, that communicative conduct invades the substantial privacy interests of another (the victim) in an essentially intolerable manner.

*Id.* at 669-70. The court held that subsection 42.07(a)(4) is "not susceptible of application to communicative conduct that is protected by the First Amendment." *Id.* at 669.

The free-speech analysis in *Scott* is equally applicable to subsection 42.07(a)(7). The text of that subsection referring to electronic communications is identical to the text in subsection 42.07(a)(4), with the exception that (a)(4) provides an alternative manner of committing the offense by making repeated telephone calls "anonymously." *See* Tex. Penal Code § 42.07(a)(4). This textual difference is inconsequential to the First Amendment analysis. Moreover, *Scott* addressed

---

[4] The court's definition of "repeated" as meaning more than one telephone call "in close enough proximity to properly be termed a single episode" was later held to be dicta, as well as confusing and unfounded in statutory interpretation principles, and *Scott* was abrogated with respect to that portion of the opinion. *See Wilson v. State*, 448 S.W.3d 418, 422-23 (Tex. Crim. App. 2014) (disavowing quoted portion of definition but agreeing with opinion's reference to dictionary definition of "repeated" as "reiterated," "recurring," or "frequent").

the same manner of committing harassment as presented in this case—that is, making repeated calls in a manner likely to harass, annoy, and alarm—not with making repeated anonymous calls. *See Scott*, 322 S.W.3d at 665.

Each of the subsections in section 42.07 has the same subjective intent requirement that the actor engage in the particular form of communicative conduct with the specific intent to "inflict harm on the victim in the form of one of the listed types of emotional distress," i.e., "harass, annoy, alarm, abuse, torment, embarrass, or offend." *See id.* at 669. Therefore, an actor who violates subsection 42.07(a)(7) has no more an intent to engage in legitimate communication of ideas, opinions, or information than an actor whose telephone calls violate subsection 42.07(a)(4). Repeated electronic communications made with the specific intent to inflict one of the designated types of emotional distress "for its own sake" invade the substantial privacy interests of the victim in "an essentially intolerable manner." Thus, they are not the type of legitimate communication that is protected by the First Amendment. *See id.* at 670.[5]

We therefore hold that the electronic communications proscribed by subsection 42.07(a)(7) do not implicate speech protected by the First Amendment. Blanchard has failed to establish that, on its face, section 42.07(a)(7) violates the constitution by being overbroad or unduly vague.[6]

---

[5] We do not consider Blanchard's attempt to distinguish this case from *Scott* based on his assertion that his former wife sent return text messages that were responsive to his messages whereas in *Scott* there was no evidence that the victim ever returned a phone call. Such an argument constitutes an as-applied challenge which may not be advanced in a pre-trial writ of habeas corpus. For the same reason we do not consider his assertion that the text messages reflect his religious beliefs.

[6] The San Antonio Court of Appeals has previously reached the same conclusion for the same reasons expressed in this opinion. *See Lebo v. State*, 474 S.W.3d 402, 408 (Tex. App.—San Antonio 2015, pet. ref'd).

**CONCLUSION**

For the foregoing reasons, we overrule Blanchard's sole issue on appeal and affirm the trial court's order denying Blanchard's application for a pre-trial writ of habeas corpus.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   June 2, 2016

Do Not Publish