PD-1336-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/26/2015 6:24:00 PM
Accepted 10/27/2015 4:51:21 PM
ABEL ACOSTA
CLERK

NO. PD-1336-15

PETITION FOR WRIT OF DISCRETIONARY REVIEW

IN THE COURT OF CRIMINAL APPEALS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SEAN LEBO,  Petitioner

v.

THE STATE OF TEXAS, Respondent

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ON PETITION FROM THE

HONORABLE FOURTH COURT OF APPEALS

OF BEXAR COUNTY, TEXAS

NO.   04-14-00383-CR

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TRIAL COURT CAUSE NO. 413956

COUNTY COURT AT LAW NUMBER 14 ,   BEXAR COUNTY, TEXAS

### REASON FOR REVIEW:

*The Justices of the Court of Appeals have court of appeals have decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of theUnited States; [T.R.A.P. 66.3 (c)]*

FILED IN
COURT OF CRIMINAL APPEALS

October 27, 2015

ABEL ACOSTA, CLERK

PATRICK B. MONTGOMERY
Petitioner's Attorney
111 SOLEDAD, SUITE 300
SAN ANTONIO, TX 78205
Office: (210) 225-8940   Fax (978)285-4664
PatMontgomery@GMail.com
STATE BAR NO. 14295350

# TABLE OF CONTENTS

TABLE OF CONTENTS................................................................................................i

LIST OF PARTIES................................................................................................ii

TABLE OF AUTHORITIES.................................................................................. iii

STATEMENT REGARDING ORAL ARGUMENT......................................................1

STATEMENT OF APPELLATE PROCEDURAL HISTORY........................................1

STATEMENT OF THE CASE..................................................................................1

FACTUAL AND PROCEDURAL HISTORY...............................................................1

**GROUND FOR REVIEW:**

**The Opinion of the Court of Appeals incorrectly held that TEX. PENAL CODE ANN. § 42.07(a)(7) (West Supp. 2014). is not facially unconstitutional; neither overbroad in violation of the right to free speech nor unduly vague in violation of due process.**

…...............................................................................................3

SUMMARY................................................................................................6

PRAYER................................................................................................6

CERTIFICATE OF SERVICE AND WORD COUNT COMPLIANCE.........................6

APPENDIX................................................................................................appendix

# LIST OF PARTIES

SEAN LEBO was the trial Defendant below.

Mr. LEBO is now the Petitioner in the instant Petition. PAT MONTGOMERY now represents Petitioner in the instant appeal.

KIMBEL WARD and WILLIAM REECE represented the Petitioner at trial.

The State of Texas is the Appellee. Bexar County District Attorney SUSAN D. REED represented the State of Texas at the trial court. She appeared by and through her Assistant District Attorneys JASON GARRAHAN, WILLIAM NICHOLS, and BEN RUTTENBERG.

The Complainant in this case is JASON LAYMAN.

District Attorney NICO LAHOOD now represents the Appellee State of Texas in the instant appeal, by and through the Assistant District Attorneys designated to handle the case.

Honorable Judge PHIL CHAVARRIA presided over the trial court proceedings.

PATRICK B. MONTGOMERY
111 SOLEDAD, SUITE 300
SAN ANTONIO, TX 78205
(210) 225-8940
PatMontgomery@Gmail.com
STATE BAR NO. 14295350

# TABLE OF AUTHORITIES

**STATUTES**

TEX. PENAL CODE ANN. § 42.07(a)(4) (West Supp. 2014). …...............................................5

TEX. PENAL CODE ANN. § 42.07(a)(7) (West Supp. 2014). …................................1, 3, 4, 5, 6

**CASES**

*Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013)................................................................3

*Grayned v. Rockford*, 408 U.S. 104 (1972)...................................................................4

*Scott v. State,* 322 S.W.3d 662 (Tex. Crim. App. 2010)................................................4, 5

## STATEMENT REGARDING ORAL ARGUMENT.

Petitioner asserts that if discretionary review is granted, then this Honorable Court of Criminal Appeals should grant oral argument in the instant case, because argument will be useful to the Court's further developing a guiding precedent regarding the due process of law requirements with regards to appellate contentions of statutory overbreadth and vagueness.

## STATEMENT OF APPELLATE PROCEDURAL HISTORY.

The Opinion of the Court of Appeals was handed down August 26, 2015. No motion for rehearing was filed. One extension of time were requested and granted for the Petitioner to to file this Petition.

## STATEMENT OF THE CASE

This Petition follows an appeal from a criminal case that was tried to a jury. The Petitioner was convicted of Harassment, as proscribed by TEX. PENAL CODE ANN. § 42.07(a)(7) (West Supp. 2014).

Punishment was assessed by the trial court at 180 days confinement in the Bexar County Jail. and a one thousand dollar fine. The Petitioner's request to remain free on bond pending his appeal was granted, subject to various conditions. Petitioner brought direct appeal, denied by the Honorable Fourth Court of Appeals. He now Petitions for a Writ of Discretionary Review.

## FACTUAL AND PROCEDURAL HISTORY

Petitioner SEAN LEBO was charged by Information and Complaint filed on April 16, 2013. The Information and Complaint alleged that on or about January 3, 2013, the Petitioner committed the offense of Harassment against the Complainant Jason Laymon, by sending him multiple electronic mail messages.

Trial was conducted January 31, 2014. The jury convicted the Petitioner as charged. The case was rescheduled for sentencing. Before the sentencing hearing, the Petitioner's trial counsel withdrew from representation at the Petitioner's request. The Honorable Trial Court appointed the undersigned counsel to represent the Petitioner at the sentencing hearing.

The factual history of the case was presented to the jury through the testimony of two witnesses called by the state, three witnesses called by the defense, and dozens of exhibits. Most of the exhibits were emails that were alleged by the state to have been sent by the Petitioner to the Complainant.

The trial evidence showed that the Petitioner herein believes that many local law enforcement officers and members of the judiciary, including the Complainant Jason Laymon, are dishonest and corrupt. The Petitioner believes that the Complainant Jason Laymon in particular has hidden, falsified, and destroyed relevant and pertinent evidence of the Petitioner's actual innocence regarding prior criminal charges that were brought against the Petitioner. Some of those criminal charges date to 2001, and 2010. The Petitioner's communications to Complainant Laymon seek redress for his grievances.

The evidence showed that the Petitioner has attempted to provoke investigations into his allegations of corruption. He has contacted various officials and agencies in an effort to cause the desired investigations. He has also sent multiple emails to the complainant Jason Laymon, in his effort to cause Laymon to take actions regarding the Petitioner's myriad allegations, and in a further effort to cause the Complainant to admit to Complainant's own alleged past wrongdoing against the Petitioner. The Petitioner has threatened lawsuits and criminal charges against the Complainant, and has been quite impolite in many of his electronic messages to the Complainant. It is this conduct that forms the basis of the Harassment charge.

# GROUND FOR REVIEW:

**The Opinion of the Court of Appeals incorrectly held that TEX. PENAL CODE ANN. § 42.07(a)(7) (West Supp. 2014). is not facially unconstitutional; neither overbroad in violation of the right to free speech nor unduly vague in violation of due process.**

The Petitioner argued to the the trial court, and urged again on direct appeal, that the Harassment Statute upon which the Defendant was convicted is constitutionally void for vagueness, and for overbreadth, and therefore his conviction should be reversed and the case should be remanded with orders to dismiss.

The statute does not define the terms "harass, annoy, alarm, abuse, torment, or embarrass." The statute makes those terms disjunctive, not conjunctive, so that any one of the terms alone might satisfy the statutory element. If a fact finder believed beyond a reasonable doubt that a person sent two electronic messages (repeated), with the intent to annoy a recipient, and the messages were reasonably likely to annoy, then the statute is satisfied.

The Honorable Court of Appeals recognized that the constitutionality of a criminal statute is a question of law which must be reviewed *de novo*. See *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). The Court correctly opined that the Petitioner's "overbreadth and vagueness challenges hinge on whether section 42.07(a)(7) proscribes communications which fall within the scope of protected free speech." The Court then erred in concluding that annoying another by repeated electronic communication does not fall within the scope of protected free speech.

The statute makes it a crime to annoy another by repeated electronic communication. Among all the vague and undefined terms in the statute, the word annoy is particularly vague. People may be easily annoyed by multiple emails received daily. They may be annoyed by bill collectors, political campaigners, viral chain emails, solicitations for charity, religious converters, and online marketers. Those senders may even intend to annoy the recipients, in an effort to

provoke a purchase or donation.   A person may be further annoyed at having to use a delete key, or customize a spam filter.

It should not be left up to law enforcement, prosecutors,  or juries to decide without guidance what the word annoy means.   "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." *Grayned v. Rockford*, 408 U.S. 104 (1972).

Citizens should not fear exercising their constitutionally protected right to freedom of speech under the First Amendment to the Constitution or their right to petition for redress of grievances due to the possibility of being ensnared in  a prosecution based on overbroad laws. They should be free to engage in annoying speech to attempt to garner attention to try to make a point, to make a sale, or to change a political or religious orientation.  Particularly when considering the ease with which such electronic communications can be blocked and deleted, statutory proscription of vaguely annoying speech is unconstitutional.

The Opinion of the the Honorable Fourth Court of Appeals cited extensively to *Scott v. State,* 322 S.W.3d 662 (Tex. Crim. App. 2010).  In Scott, this Honorable Court of Criminal Appeals upheld a vagueness challenge to the telephone harassment statute.

**-4-**

The lower court's opinion quoted *Scott* that "[t]he State may lawfully proscribe communicative conduct (i.e., the communication of ideas, opinions, and information) that *invades the substantial privacy interests of another in an essentially intolerable manner.*" The quoted appellate court language does not define what "an essentially intolerable manner" may be, but it is likely certain that the standard differs between telephonic and email communications.

The Opinion further stated that

> "we consider the free-speech analysis in *Scott* equally applicable to section 42.07(a)(7). The statutory text in subsection (a)(7) dealing with electronic communications is identical to the text in subsection (a)(4) dealing with telephone communications, with the sole exception that (a)(4) provides an alternative manner of committing the offense by making repeated telephone calls 'anonymously.'"

Telephone calls are not the same thing as email messages. A telephone call is usually an occurrence within real time, requiring immediate attention. It is more demanding of attention and time. Even an answering device or voice mail is dependent upon the spoken word. State and federal legislators would act very quickly if every single unwanted annoying email were instead a telephone call made to the recipient. The constitutional free speech protection considerations should differ between email, text, and telephone calls, just as they differ in time, place, and manner.

TEX. PENAL CODE ANN. § 42.07(a)(4), which was the subject statutory provision in *Scott,* provides that a person commits harassment by causing the telephone of another to ring repeatedly or by making repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.

**-5-**

The Honorable Fourth Court of Appeals concluded that "the difference in text is inconsequential to the First Amendment analysis," and that "the free-speech analysis in *Scott* equally applicable to section 42.07(a)(7)." Petitioner urges that equating email and telephone for Constitutional free speech purposes is a flawed analysis, and should be reversed.

## SUMMARY

The Petitioner has been convicted for violating a void statute. His conviction, fine, and six months jail sentence were predicated upon a statute that is both void for vagueness, and void for overbreadth. The trial court erred in failing to grant the Petitioner's request to set the conviction aside and quash the complaint and information.

## **PRAYER**

Petitioner prays that this Honorable Court grant discretionary review, and upon briefing that the case be remanded with orders of acquittal.

Respectfully submitted,
/s/_____
PAT MONTGOMERY, TBN 14295350
111 SOLEDAD, SUITE 300
SAN ANTONIO, TX 78205
(210) 225-8940 Fax (978)285-4664
PatMontgomery@Gmail.com
Attorney for Appellant

## CERTIFICATE OF SERVICE AND WORD COUNT COMPLIANCE

Counsel certifies by his signature below that the word count is 3199, and that contemporaneously with the electronic filing of this Brief, he has provided a copy to:
1. The Bexar County District Attorney's Office.
2. The Appellant.

Respectfully submitted,
/s/
Pat Montgomery

**-6-**


## OPINION

No. 04-14-00383-CR

Sean **LEBO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 14, Bexar County, Texas
Trial Court No. 413956
Honorable Bill C. White, Judge Presiding[1]

Opinion by:     Rebeca C. Martinez, Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  August 26, 2015

AFFIRMED

Sean Lebo appeals his conviction for harassment through electronic communications, a

Class B Misdemeanor. TEX. PENAL CODE ANN. § 42.07(a)(7) (West Supp. 2014). Lebo asserts

on appeal that the statute proscribing harassment by electronic communications is unconstitutional

on its face, and therefore his conviction is void and must be reversed. We disagree, and affirm the

trial court's judgment.

---

[1] Senior District Judge Phil Chavarria presided over the guilt/innocence and punishment phases of trial.

## BACKGROUND

In 2010, Bexar County Sheriff's Detective Jason Layman investigated a criminal case involving Lebo. On December 21, 2012, Lebo contacted Layman by email and accused him of destroying evidence and being a felon, corrupt, and incompetent. Lebo threatened to seek Layman's arrest. Two days later, Lebo emailed Layman twice, again accusing him of being corrupt, threatening to sue Layman and have him arrested, and stating, "Do you know what they do to Police Officers in prison?" On December 25, 2012, Lebo sent five emails to Layman calling him names, threatening him with civil and criminal proceedings, and threatening his family. Layman responded to Lebo by email on December 26, 2012, requesting that Lebo stop sending emails for non-official business and referring him to the appropriate contact to make a complaint about his professional conduct. Lebo continued sending Layman threatening and combative emails during 2013, along with letters through the regular mail. Layman received a total of almost 40 emails from Lebo.

On April 16, 2013, Lebo was charged with harassing Detective Layman through repeated electronic communications. *See* TEX. PENAL CODE ANN. § 42.07(a)(7). The information alleged that, on or about January 3, 2013, Lebo, "with intent to harass, annoy, alarm, abuse, torment, and embarrass another, namely, Jason Layman, . . . did send repeated electronic communications to Jason Layman in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, and offend another, to-wit: by sending multiple electronic mail messages." Lebo pled not guilty and was tried by a jury, which found him guilty. The trial court imposed a sentence of six months' confinement in jail, plus a $1,000 fine. Lebo appealed.

## DISCUSSION

Lebo raises two related issues on appeal: (1) the portion of the harassment statute pertaining to electronic communications is unconstitutional on its face; and (2) his original trial counsel was

ineffective for failing to raise the constitutional challenge earlier in the trial proceedings. The relevant subsection of the statute provides as follows:

§ 42.07 Harassment

(a) A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person:

\*\*\*

(7) sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.

TEX. PENAL CODE ANN. § 42.07(a)(7) (West Supp. 2014). The term "electronic communication" is defined to include "a communication initiated by electronic mail." *Id.* § 42.07(b)(1) (West Supp. 2014).

## CONSTITUTIONALITY OF SECTION 42.07(A)(7)

### *Preservation of Error*

We must first address whether Lebo preserved his facial constitutional challenge. The State argues that Lebo failed to raise his constitutional challenge in the trial court, and has thus waived the issue. *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding that a facial challenge to a statute's constitutionality falls within the category of rights that may be forfeited under *Marin*, and therefore may not be raised for the first time on appeal); *see also Marin v. State*, 851 S.W.2d 275, 279-80 (Tex. Crim. App. 1993) (establishing three categories of rights).[2] The State acknowledges that Lebo filed a post-verdict motion to set aside the conviction and

---

[2] In a recent plurality opinion, the court allowed a defendant to challenge his conviction as void for the first time on petition for discretionary review to the Court of Criminal Appeals where the statute under which he was convicted had been declared facially unconstitutional during the pendency of his appeal in the intermediate court of appeals, thereby rendering his conviction void. *See Smith v. State*, Nos. PD-1790 through 1793-13, 2015 WL 3895016, at \*3-4 (Tex. Crim. App. June 24, 2015). The court made clear, however, that the general principle stated in *Karenev*, that a defendant cannot raise a facial challenge to the constitutionality of a statute for the first time on appeal, remains valid. *Id.* at \*4 (distinguishing *Karenev* because the defendant there was attacking a valid statute that had not yet been declared void).

dismiss the information on the basis that the statute is overbroad and unduly vague, and thus unconstitutional. However, the State contends the motion and argument contained only bald, conclusory statements and presented no substantive analysis, and that defense counsel acknowledged that the motion was filed to preserve the issue for appeal. Lebo concedes that the post-verdict motion was the first time he raised the issue of constitutionality of the statute; the motion was filed on the day of the sentencing hearing by new counsel who was appointed after Lebo was found guilty by the jury. A brief hearing was held on the motion a few days later, and the court denied the motion.

Lebo's argument in his trial court motion and on appeal is identical—that subsection (a)(7) of the harassment statute is unconstitutional on its face, as both overbroad in violation of the right to free speech and unduly vague in violation of the right to due process. We conclude that Lebo preserved his complaint that the statute is facially unconstitutional.[3] That issue was presented to the trial court at the sentencing hearing and again in a hearing held a few days later. Thus, Lebo's constitutional claim was presented to the trial court while it still had jurisdiction to set aside the conviction, and the trial court ruled on Lebo's motion. *See* TEX. R. APP. P. 33.1(a). We will therefore address the merits of Lebo's argument that section 42.07(a)(7) is unconstitutional on its face.

### *Facially Unconstitutional*

The constitutionality of a criminal statute is a question of law which we review *de novo*. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). In assessing a statute's constitutionality,

---

[3] Lebo makes no effort on appeal to discuss the evidence developed at trial, and does not argue the statute is unconstitutional as applied to the facts of his particular conduct; thus, he does not attempt to raise an as-applied challenge. *See Scott v. State*, 322 S.W.3d 662, 665 n.1 (Tex. Crim. App. 2010) (noting that an as-applied challenge to a statute's constitutionality is a claim that "the statute operates unconstitutionally with respect to the claimant because of his particular circumstances") (citing *Gillenwaters v. State*, 205 S.W.3d 534, 536 n.3 (Tex. Crim. App. 2006)).

an appellate court starts with the presumption that the statute is valid and that the legislature did not act arbitrarily or unreasonably in enacting the statute. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). The party challenging the statute has the burden of establishing its unconstitutionality. *Id.* We must uphold the statute if we can determine a reasonable construction that renders it constitutional. *See Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978).

An argument that a penal statute is unconstitutional on its face is based solely on the text of the statute and the charging instrument, and constitutes a claim that "the statute, by its terms, always operates unconstitutionally." *Scott v. State*, 322 S.W.3d 662, 665 n.1 (Tex. Crim. App. 2010); *Gillenwaters v. State*, 205 S.W.3d 534, 536 n.2 (Tex. Crim. App. 2006). Lebo argues section 42.07(a)(7) is unconstitutional because it is overbroad in that it invades the area of protected speech, and because it is unduly vague in that it contains undefined terms which deprive a person of adequate notice and give too much discretion in the enforcement of the statute. "A statute may be challenged as overbroad, in violation of the Free Speech Clause of the First Amendment, if, in addition to proscribing activity that may be constitutionally forbidden, it sweeps within its coverage a substantial amount of expressive activity that is protected by the First Amendment." *Scott*, 322 S.W.3d at 665 n.2; *Morehead v. State*, 807 S.W.2d 577, 580 (Tex. Crim. App. 1991). "A statute may be challenged as unduly vague, in violation of the Due Process Clause of the Fourteenth Amendment, if it does not: (1) give a person of ordinary intelligence a reasonable opportunity to know what is prohibited and (2) establish definite guidelines for law enforcement. *Scott*, 322 S.W.3d at 665 n.2; *Bynum v. State*, 767 S.W.2d 769, 773 (Tex. Crim. App. 1989). However, an argument that a statute is unduly vague usually requires a showing that the statute is overly vague "as applied" to the particular defendant. *Scott*, 322 S.W.3d at 665 n.3; *Bynum*, 767 S.W.2d at 774. As noted, Lebo does not make an as-applied argument. An exception to the requirement of an as-applied challenge exists, however, *if* the statute implicates the First

Amendment's guarantee of free speech, "i.e., if the statute, as authoritatively construed, is susceptible of application to speech guaranteed by the First Amendment." *Scott*, 322 S.W.3d at 665 n.3; *see United States v. Williams*, 553 U.S. 285, 304 (2008) (noting that in such a situation, a defendant may argue that the statute is overbroad on its face because it is unclear whether it proscribes a substantial amount of protected speech); *see also Gooding v. Wilson*, 405 U.S. 518, 520-21 (1972) (same).

Thus, Lebo's overbreadth and vagueness challenges hinge on whether section 42.07(a)(7) proscribes communications which fall within the scope of protected free speech. As the court did in *Scott*, we construe the gist of Lebo's argument to be that subsection (a)(7) is "overbroad on its face because its inherent vagueness makes it unclear whether it prohibits a substantial amount of protected speech." *See Scott*, 322 S.W.3d at 665 n.3.

In *Scott*, the court addressed the question of whether the telephone harassment portion of section 42.07 implicates the free-speech guarantee of the First Amendment in the context of an overbreadth/vagueness challenge. *Id.* at 668-69 (addressing section 42.07(a)(4)). The court first analyzed the scope of protection granted by the First Amendment's free speech clause, stating that it "generally protects the free communication and receipt of ideas, opinions, and information" but also noting that "[t]he State may lawfully proscribe communicative conduct (i.e., the communication of ideas, opinions, and information) that *invades the substantial privacy interests of another in an essentially intolerable manner*." *Id.* (internal citations omitted) (emphasis added). The court then applied statutory interpretation principles to determine the meaning of section 42.07(a)(4), focusing on its plain text as applied in the charging instrument. *Id.* at 669. The court interpreted the statute's plain text as requiring the actor to have the specific intent "to inflict harm on the victim in the form of one of the listed types of emotional distress." *Id.* In addition, the

court stated the statute requires the actor to make repeated[4] telephone calls to the victim, and to make the calls in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend an average person. *Id.* (also noting the statute's text does not require the use of spoken words). The court then concluded that section 42.07(a)(4) does not implicate the First Amendment's guarantee of free speech. *Id.* The court explained its reasoning as follows:

> The statutory subsection, by its plain text, is directed only at persons who, with the specific intent to inflict emotional distress, repeatedly use the telephone to invade another person's personal privacy and do so in a manner reasonably likely to inflict emotional distress. Given that plain text, we believe that the conduct to which the statutory subsection is susceptible of application will be, in the usual case, essentially noncommunicative, even if the conduct includes spoken words. That is to say, in the usual case, persons whose conduct violates § 42.07(a)(4) will not have an intent to engage in the legitimate communication of ideas, opinions, or information; they will have only the intent to inflict emotional distress for its own sake. To the extent that the statutory subsection is susceptible of application to communicative conduct, it is susceptible of such application only when that communicative conduct is not protected by the First Amendment because, under the circumstances presented, that communicative conduct invades the substantial privacy interests of another (the victim) in an essentially intolerable manner.

*Id.* at 669-70. The court thus held that section 42.07(a)(4) is "not susceptible of application to communicative conduct that is protected by the First Amendment." *Id.* at 669.

We consider the free-speech analysis in *Scott* equally applicable to section 42.07(a)(7). The statutory text in subsection (a)(7) dealing with electronic communications is identical to the text in subsection (a)(4) dealing with telephone communications, with the sole exception that (a)(4) provides an alternative manner of committing the offense by making repeated telephone calls "anonymously." TEX. PENAL CODE ANN. § 42.07(a)(4) (providing that a person commits

---

[4] The court's definition of the term "repeated" as meaning more than one telephone call "in close enough proximity to properly be termed a single episode" was later held to be dicta, as well as confusing and unfounded in statutory interpretation principles, and *Scott* was abrogated with respect to that portion of the opinion. *See Wilson v. State*, 448 S.W.3d 418, 422-23 (Tex. Crim. App. 2014) (disavowing the quoted portion of the definition, but agreeing with *Scott*'s reference to the dictionary definition of the common meaning of "repeated" as "reiterated," "recurring," or "frequent.").

harassment by causing the telephone of another to ring repeatedly or by making repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another).  The difference in text is inconsequential to the First Amendment analysis.  In addition, the *Scott* analysis dealt with the same manner of committing harassment as Lebo's case.  *See Scott*, 322 S.W.3d at 665 (defendant was not charged with making repeated anonymous calls, but with making repeated calls in a manner likely to harass, annoy, alarm, etc.).  All of the subsections of section 42.07 have the same subjective intent requirement, i.e., that the actor engage in the particular form of communicative conduct with the specific intent to "inflict harm on the victim in the form of one of the listed types of emotional distress," i.e., "harass, annoy, alarm, abuse, torment, embarrass, or offend."  *See id.* at 669.  Therefore, an actor whose email communications run afoul of subsection (a)(7) will have no more of an intent to engage in legitimate communication of ideas, opinions, or information than an actor whose telephone calls violate subsection (a)(4).  As *Scott* stated with respect to telephone harassment, repeated emails made with the specific intent to inflict one of the designated types of emotional distress "for its own sake" invade the substantial privacy interests of the victim in "an essentially intolerable manner;" thus, they are not the type of legitimate communication that is protected by the First Amendment.  *See id.* at 670.  Based on this reasoning, we hold that the electronic communications proscribed by subsection (a)(7) do not implicate protected speech under the First Amendment.  Lebo has failed to establish that section 42.07(a)(7) violates the constitution by being overbroad or unduly vague.  *See id.* at 665 n.3; *see also Gooding*, 405 U.S. at 520-21.

INEFFECTIVE ASSISTANCE

Lebo's second issue on appeal asserts his original trial counsel rendered ineffective assistance by failing to challenge the constitutionality of the statute earlier in the trial process, i.e., before trial or during the guilt/innocence phase.  As Lebo notes, this issue is conditioned on our

holding that he failed to preserve error with respect to his constitutional challenge. Having addressed Lebo's constitutional challenge on its merits, there is no basis for Lebo's ineffective assistance claim and we need not consider the issue. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

Based on the foregoing reasons, we overrule Lebo's issues on appeal and affirm the trial court's judgment.

Rebeca C. Martinez, Justice

PUBLISH