**Opinion filed November 30, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00196-CR

_____

## EX PARTE KELCEY KENT REECE

**On Appeal from the County Court at Law No. 2
Midland County, Texas
Trial Court Cause No. CR 151,104**

## M E M O R A N D U M   O P I N I O N

Kelcey Kent Reece is charged with committing the offense of harassment by sending repeated electronic communications to Stephanie Reece in a manner reasonably likely to harass, annoy, alarm, abuse, torment, and embarrass her with the intent to harass, annoy, alarm, abuse, torment, and embarrass her. *See* TEX. PENAL CODE ANN. § 42.07(a)(7) (West Supp. 2016). Appellant filed an application for a pretrial writ of habeas corpus challenging the constitutionality of Section 42.07(a)(7). The trial court denied Appellant's application for writ of habeas corpus without conducting a hearing. In two issues on appeal, Appellant argues that

(1) the statute is unconstitutionally vague and (2) the statute is overbroad and suppresses protected speech. We affirm.

*Background Facts*

Appellant is charged by information and complaint under Section 42.07(a)(7), which provides:

> (a) A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person:
>
> . . . .
>
>> (7) sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.

PENAL § 42.07(a)(7). Appellant filed a pretrial application for writ of habeas corpus in which he argued that he was illegally restrained of his liberty because Section 42.07(a)(7) is unconstitutional on its face. Specifically, Appellant asserts that Section 42.07(a)(7) is vague and overbroad and violates the Free Speech Clause of the First Amendment to the United States Constitution because it prohibits conduct or expressive activity that is expressly permitted by the First Amendment. Appellant appeals the trial court's order denying his application.

*Analysis*

A defendant may file a pretrial application for writ of habeas corpus in order to raise a facial challenge to the constitutionality of the statute under which the defendant is charged. *Ex parte Thompson*, 442 S.W.3d 325, 333 (Tex. Crim. App. 2014). Whether a statute is facially unconstitutional is a question of law subject to de novo review. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). An argument that a penal statute is unconstitutional on its face is based solely on the text of the statute and the charging instrument, and constitutes a claim that "the statute, by its terms, always operates unconstitutionally." *Lebo v. State*, 474 S.W.3d 402, 405 (Tex. App.—San Antonio 2015, pet. ref'd) (quoting *Scott v. State*, 322 S.W.3d

662, 665 n.1 (Tex. Crim. App. 2010); *Gillenwaters v. State*, 205 S.W.3d 534, 536 n.2 (Tex. Crim. App. 2006)).

We note at the outset that, in *Lebo*, the San Antonio Court of Appeals recently addressed overbreadth and vagueness challenges to Section 42.07(a)(7). 474 S.W.3d at 405–06. In reliance upon *Scott*, the court in *Lebo* concluded that Section 42.07(a)(7) is neither overbroad or unduly vague in violation of the free-speech guarantees of the First Amendment. *Id.* at 407–08; *see also Blanchard v. State*, No. 03-16-00014-CR, 2016 WL 3144142 (Tex. App.—Austin June 2, 2016, pet. ref'd) (mem. op., not designated for publication). For the reasons set forth below, we agree with the court's reasoning in *Lebo*.

In *Scott*, the Court of Criminal Appeals considered whether the telephone harassment provision of Section 42.07 implicates the First Amendment's free-speech guarantee in the context of an overbreadth and vagueness challenge. The relevant portion of Section 42.07 at issue in *Scott* provides as follow:

> (a) A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person:
>
> . . . .
>
> > (4) . . . makes repeated telephone communications . . . in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.

PENAL § 42.07(a)(4); *see Scott*, 322 S.W.3d at 669. The court in *Scott* held that this portion of the statute did not implicate the free-speech guarantee of the First Amendment. 322 S.W.3d at 669. The court noted that the free-speech guarantee of the First Amendment generally protects the free communication and receipt of ideas, opinions, and information. *Id.* at 668 (citing *Red Lion Broad. Co. v. FCC*, 395 U.S. 367, 390 (1969); *Chaplinsky v. New Hampshire*, 315 U.S. 568, 571–72 (1942)). However, "[t]he State may lawfully proscribe communicative conduct (i.e., the communication of ideas, opinions, and information) that invades the substantial

3

privacy interests of another in an essentially intolerable manner." *Id.* at 668–69 (citing *Cohen v. California*, 403 U.S. 15, 21 (1971)). The court concluded:

> [I]n the usual case, persons whose conduct violates § 42.07(a)(4) will not have an intent to engage in the legitimate communication of ideas, opinions, or information; they will have only the intent to inflict emotional distress for its own sake. To the extent that the statutory subsection is susceptible of application to communicative conduct, it is susceptible of such application only when that communicative conduct is not protected by the First Amendment because, under the circumstances presented, that communicative conduct invades the substantial privacy interests of another (the victim) in an essentially intolerable manner.

*Id.* at 670.

In *Lebo*, the defendant's overbreadth and vagueness challenge hinged on whether Section 42.07(a)(7) proscribed communications that fell within the scope of protected free speech. 474 S.W.3d at 406. The San Antonio Court of Appeals found *Scott*'s free-speech analysis of Section 42.07(a)(4) "equally applicable" to Section 42.07(a)(7). *Id.* at 407. The court based this conclusion on the similarity of the language in subsection (a)(4) to the language of subsection (a)(7) and the fact that the defendant in *Scott* was charged with essentially the same manner of committing harassment as proscribed by subsection (a)(7).[1] *Id.* at 407–08. The court determined that an actor whose repeated electronic communications run afoul of subsection (a)(7) (i.e. made with the specific intent to inflict one of the designated types of emotional distress) "will have no more of an intent to engage in legitimate communication of ideas, opinions, or information than an actor whose telephone calls violate subsection (a)(4)." *Id.*

---

[1]Subsection (a)(7) prohibits sending "repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another." PENAL § 42.07(a)(7). *Scott* addressed the portion of subsection (a)(4) that prohibits making "repeated telephone communications . . . in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another." *Id.* § 42.07(a)(4); *see Scott*, 322 S.W.3d at 669.

Appellant contends that the holding in *Lebo* was the result of "incorrect reasoning." Appellant asserts that the holding in *Scott* is inapplicable to subsection (a)(7) because harassing telephone calls are much different than harassing electronic communications because the recipient of electronic communications has greater freedom to ignore them. He also contends that the telephone harassment prohibition contains "non-communicative" factors that make the result in *Scott* distinguishable.

We disagree with Appellant's interpretation of *Scott*. The Court of Criminal Appeals essentially held in *Scott* that a person does not have a First Amendment right to engage in telephone communications with the intent to harass, annoy, abuse, torment, or embarrass another in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another. In *Lebo*, the San Antonio Court of Appeals held that this analysis extended to electronic communications made under the same circumstances. As noted by the court in *Lebo*:

> As *Scott* stated with respect to telephone harassment, repeated emails made with the specific intent to inflict one of the designated types of emotional distress "for its own sake" invade the substantial privacy interests of the victim in "an essentially intolerable manner;"[sic] thus, they are not the type of legitimate communication that is protected by the First Amendment.

*Id.* at 408 (quoting *Scott*, 322 S.W.3d at 670). We agree with our sister court's determination in *Lebo* that the electronic communications proscribed by subsection (a)(7) do not implicate protected speech under the First Amendment.

As was the case in *Lebo*, Appellant's overbreadth and vagueness challenges hinge on whether Section 42.07(a)(7) proscribes communications that fall within the scope of protected free speech. Specifically, Appellant contends in his first issue that Section 42.07(a)(7) is unconstitutionally vague.[2] Ordinarily, a criminal

---

[2]Appellant contends that the words "harass, annoy, alarm, abuse, torment, embarrass, or offend" are vague. He further argues that it is impossible to tell from the statute what conduct is "reasonably likely" to offend another person.

5

defendant who challenges a statute as unduly vague must show that it is vague as applied to the conduct for which he was charged. *Parker v. Levy*, 417 U.S. 733, 756 (1974); *Scott*, 322 S.W.3d at 665 n.3; *Bynum v. State*, 767 S.W.2d 769, 774 (Tex. Crim. App. 1989). If, however, the challenged statute implicates the free-speech guarantee of the First Amendment—that is, if the statute is susceptible of application to speech guaranteed by the First Amendment—the defendant may argue that the statute is overbroad on its face because its vagueness makes it unclear whether it regulates a substantial amount of protected speech. *United States v. Williams*, 553 U.S. 285, 304 (2008); *Gooding v. Wilson*, 405 U.S. 518, 520–21 (1972); *Scott*, 322 S.W.3d at 665 n.3. Appellant's facial challenge to Section 42.07(a)(7) on vagueness grounds fails because the statute does not regulate communications that fall within the scope of protected free speech under the First Amendment.[3] We overrule Appellant's first issue.

In his second issue, Appellant contends that Section 42.07(a)(7) is overbroad because it "suppresses protected speech."[4] A statute is impermissibly overbroad if, in addition to proscribing activities that may be constitutionally prohibited, its sweeping coverage also proscribes speech or conduct that is protected by the First Amendment. *Bynum*, 767 S.W.2d at 772. A statute will not be invalidated for overbreadth merely because some unconstitutional applications are conceivable. *Members of the City Council of the City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984). Appellant's overbreadth claim also fails in light of our conclusion that Section 42.07(a)(7) does not regulate communications that fall

---

[3]We express no opinion with respect to any "as applied" constitutional challenge that Appellant may subsequently make to Section 42.07(a)(7).

[4]Appellant contends that the words "repeated" and "manner," given their ordinary definitions, render the statute overbroad.

within the scope of protected free speech under the First Amendment.  We overrule Appellant's second issue.

*This Court's Ruling*

We affirm the order of the trial court.

JOHN M. BAILEY

JUSTICE

November 30, 2016

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

7