

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00372-CR

BAOQUOC TRAN NGUYEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Criminal Court No. 6
Tarrant County, Texas
Trial Court No. 1546160, Honorable John Weeks, Presiding

April 15, 2020

## CONCURRING OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

I concur with the result reached by the majority.

Because this appeal was transferred by the Texas Supreme Court from the Second Court of Appeals to the Seventh, I apply the precedent of the Second Court in arriving at my decision. *See* TEX. R. APP. P. 41.3 (stating that in cases transferred by the Supreme Court between courts of appeals, the recipient court must decide the case in accordance with the precedent of the transferring court when their respective precedent conflicts). Such precedent requires an appellant's brief to contain clear and concise

arguments supporting the contentions made, coupled with ***appropriate citation*** to authorities and the record. *Hollis v. Acclaim Physician Grp., Inc.*, No. 02-19-00062-CV, 2019 Tex. App. LEXIS 6414, at *9–10 (Tex. App.—Fort Worth July 25, 2019, no pet.); TEX. R. APP. P. 38.1(i) (stating same). This has been construed as requiring substantive analysis discussing the facts and authorities "as may be requisite to maintain the point at issue." *Hollis,* 2019 Tex. App. LEXIS 6414, at *10. More importantly, an appellate court has no duty to brief issues inadequately briefed by an appellant. *Id.*

At play here is the legal intersection not between two minor unpaved roads in a rural county but rather between major legal interstates. Those interstates are the First Amendment of the United States Constitution, Sections Eight and Twenty-Seven of the Texas Constitution, and § 42.07 of the Texas Penal Code. U.S. CONST. amend. I (stating that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances"); TEX. CONST. art. 1, § 8 (stating that "[e]very person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press"); TEX. CONST. art.1, § 27 (stating that "[t]he citizens shall have the right, in a peaceable manner, to assemble together for their common good; and apply to those invested with the powers of government for redress of grievances or other purposes, by petition, address or remonstrance"); TEX. PENAL CODE ANN. § 42.07(a) (West 2018) (stating that a person commits a crime if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another he causes the telephone of another to ring repeatedly or

makes repeated telephone communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another). Fulfilling the mandate discussed in *Hollis* and imposed by Rule 38.1(i) when the appellate complaint implicates such legal interstates requires more than mere allusion to dated authority, quotation from noted scholars, and rather summary analysis. Yet, this is what appellant offered us here.

Nowhere in his briefing did he mention the plethora of recent legal authority touching upon the issues tossed at our courthouse door. Nothing was said of recent precedent from our Court of Criminal Appeals such as *Wilson v. State*, 448 S.W.3d 418 (Tex. Crim. App. 2014), or *Scott v. State,* 322 S.W.3d 662 (Tex. Crim. App. 2010). The same is also true of similar precedent from numerous other courts of appeals. *See, e.g.*, *Lebo v. State,* 474 S.W.3d 402 (Tex. App.—San Antonio 2015, pet. ref'd); *Ex parte Hinojos*, No. 08-17-00077-CR, 2018 Tex. App. LEXIS 10530 (Tex. App.—El Paso Dec. 19, 2018, pet. ref'd) (not designated for publication); *Ex parte Reece*, No. 11-16-00196-CR, 2016 Tex. App. LEXIS 12649 (Tex. App.—Eastland Nov. 30, 2016, pet. ref'd) (mem. op., not designated for publication); *Blanchard v. State*, No. 03-16-00014-CR, 2016 Tex. App. LEXIS 5793 (Tex. App.—Austin June 2, 2016, pet. ref'd) (mem. op., not designated for publication). Nor was effort made to update any of his arguments with the most recent authority addressing the topic from the Fort Worth Court of Appeals in *Ex parte Barton*, 586 S.W.3d 573 (Tex. App.—Fort Worth 2019, pet. granted), or from this very court in *Ex parte Sanders*, No. 07-18-00335-CR, 2019 Tex. App. LEXIS 2813 (Tex. App.—Amarillo Apr. 8, 2019, pet. granted) (mem. op., not designated for publication).

One cannot deny that the few authorities appellant cited spoke of the right to speak freely and petition the government. But, none said anything of § 42.07(a) of the Penal

Code and its effect upon those constitutional rights, while *Scott*, *Wilson, Lebo*, *Hinojos*, *Barton,* and the many others did.  And, all of them exemplify that the topic being debated deserves and requires more analysis and development than that offered by appellant.

One of the touchstones to Rule 38.1(i) is "appropriate citation."  That connotes a sliding scale influenced by the nature of the issue at hand.  No doubt, simple legal matters may entail lesser citation and discussion.  Grave matters require more.  The matter at hand tends toward the grave end of the scale while the product offered by appellant fell towards the simple end.  His few authorities and *de minimis* analysis of the interplay between the penal statute and constitutional provisions involved here are not enough to meet the above touchstone.  And, again, an appellate court has no obligation to add what appellant omitted.  Consequently, I view the issues of appellant as inadequately briefed and, therefore, waived.[1]

Brian Quinn<br>
Chief Justice

Do not publish.

---

[1] I would also hold that his trial objections would have sufficed to preserve the complaint had it been adequately briefed.  *See Mandrell v. State*, No. 02-02-375-CR, 2004 Tex. App. LEXIS 5642, at *5–6 (Tex. App.—Fort Worth June 4, 2004, no pet.) (mem. op., not designated for publication) (the Fort Worth Court noting that it liberally construes objections when deciding preservation issues).