**Reversed and Remanded and Memorandum Opinion filed January 26, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-01005-CR

---

## EX PARTE LYLA ORDONEZ

---

**On Appeal from the County Criminal Court at Law No. 10**
**Harris County, Texas**
**Trial Court Cause No. 2290247**

---

## MEMORANDUM OPINION

Appellant was charged with a misdemeanor under section 42.07(a)(7) of the Texas Penal Code, which provides that a person is criminally responsible for harassment if she sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another, and if she has the intent to harass, annoy, alarm, abuse, torment, or embarrass that other person. After being so charged, appellant sought a pretrial writ of habeas corpus, arguing that the charging statute is unconstitutional on its face. The trial court denied habeas relief, and now appellant challenges that ruling here.

Appellant argues that the statute is unconstitutional because it is overbroad in violation of the First Amendment. This question of overbreadth has divided the Texas courts of appeals.

Some courts have upheld the statute under the reasoning that it only prohibits communications that are not protected by the First Amendment. *See, e.g.*, *Ex parte McDonald*, 606 S.W.3d 856, 860 (Tex. App.—Austin 2020, pet. filed) (noting that a person who violates the statute has an intent to harm, not an intent to engage in the legitimate communication of ideas, opinions, or information); *State v. Grohn*, — S.W.3d —, 2020 WL 6749936, at *4 (Tex. App.—Beaumont 2020, pet. filed) (same); *Lebo v. State*, 474 S.W.3d 402, 407–08 (Tex. App.—San Antonio 2015, pet. ref'd) (same). These courts have largely justified their decisions as extensions of *Scott v. State*, 322 S.W.3d 662 (Tex. Crim. App. 2010), which rejected a challenge to the constitutionality of the similarly worded telephone-harassment statute.

Other courts, including this one, have determined that the statute is unconstitutional on its face and that *Scott* is not actually controlling. *See, e.g.*, *State v. Chen*, — S.W.3d —, 2020 WL 7867285, at *5 (Tex. App.—Houston [14th Dist.] 2020, no pet. h.); *Ex parte Barton*, 586 S.W.3d 573, 585 (Tex. App.—Fort Worth 2019, pet. granted).

In our recent decision in *Chen*, we explained that *Scott* had been abrogated in part by *Wilson v. State*, 448 S.W.3d 418 (Tex. Crim. App. 2014). *See Chen*, 2020 WL 7867285, at *3–5. We also noted that *Scott* was distinguishable because its holding was animated by unwanted telephone communications that invade the privacy of the home. *Id.* at *4. We explained that electronic communications were qualitatively different because they were statutorily defined to include a much broader category of communications, such as writings on the Internet that an individual must affirmatively seek out. *Id.* (citing Tex. Penal Code § 42.07(b)(1)).

2

Due to these differences, we concluded that *Scott* should not be extended to the context of electronic communications. *Id.* at *5. We further concluded that the statute as written "has the potential to reach a vast array of communications," including legitimate criticism, which often has the intentional effect of being annoying, embarrassing, or alarming. *Id.* at *6. We therefore held that the statute was unconstitutionally overbroad because it prohibits or chills a substantial amount of protected speech. *Id.* at *7.

The Texas Court of Criminal Appeals has not yet weighed in on this question of overbreadth, but it is poised to settle the split in the courts of appeals with its forthcoming decision in *Ex parte Barton*, No. PD-1123-19 (submitted Mar. 18, 2020). Until that higher court determines that the statute is facially constitutional or *Chen* is otherwise set aside, we are obligated to follow this court's precedent in *Chen*. Pursuant to that binding authority, we therefore conclude that section 42.07(a)(7) of the Texas Penal Code is unconstitutional on its face.

We reverse the trial court's ruling denying habeas relief and remand the case to the trial court with instructions to dismiss the charging instrument.


/s/     Tracy Christopher
         Chief Justice


Panel consists of Chief Justice Christopher and Justices Jewell and Zimmerer.
Do Not Publish – Tex. R. App. P. 47.2(b).