**DISSENT; Opinion Filed February 24, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01561-CR**

**THOMAS GEORGE GRISWOLD, III, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-19-0884**

## OPINION DISSENTING FROM DENIAL OF EN BANC RECONSIDERATION

Before the Court sitting En Banc.
Opinion by Justice Schenck

Confronting a *res nova* question for our Court, the panel has declared an important criminal statute to be unconstitutional. In so doing, the Court deepens an existing division among the appellate courts of this State and places our court in the distinct minority view. The State has sought reconsideration *en banc*, which we now deny despite the new precedent we set for this Court and the effect of our holding. I disagree with the panel's analysis and conclusions and, regardless of my view of the merits, further disagree with the Court's decision declining to consider this case *en banc*. I therefore dissent.

**WE NEED NOT ADDRESS THE CONSTITUTIONAL CHALLENGE RAISED HERE**

Section 42.072(a) of the penal code proscribes a person's knowingly engaging in conduct that either constitutes an offense under section 42.07 of the penal code or that the actor knows or reasonably should know another person will regard as threatening an offense against the person, a member of her household, her romantic partner, or her property. *See* TEX. PENAL CODE § 42.072(a). The indictment here alleged appellant committed the offense of stalking by "engag[ing] in conduct that constituted an offen[s]e under section 42.07 **and/or** conduct that [appellant] knew or reasonably should have known [the complainant] would regard as threatening bodily injury for [the complainant]." (emphasis added).

The panel opinion addresses appellant's constitutional challenge to section 42.07 and concludes that subsection 42.072(a) is unconstitutional to the extent it incorporates section 42.07. *See Griswold v. State*, No. 05-19-01561-CR, 2021 WL 6049853, at *4 (Tex. App.—Dallas Dec. 21, 2021, no pet. h.). However, in this case, no one attacked the second half of the stalking statute as set forth in the indictment: the portion that alleges appellant knew or reasonably should have known the complainant would regard appellant's conduct as threatening bodily injury to the complainant. *See In re Ginsberg*, 630 S.W.3d 1, 10 (Tex. 2018) (defining constitutional avoidance as canon of statutory construction requiring courts decide constitutional questions *only* when issue cannot be resolved on non-constitutional grounds). If only a portion of a statute is challenged as facially unconstitutional, the

–2–

court of criminal appeals has directed that we are to leave the remainder of the statute intact, so long as doing so would be feasible. *See Salinas v. State*, 523 S.W.3d 103, 110 (Tex. Crim. App. 2017). As the State notes in its Petition for Reconsideration, the unchallenged portion of the stalking statute presents a fully viable alternate ground for conviction.

Because I would have avoided the constitutional question, I dissent from the panel opinion's analysis.

## SECTION 42.072(A) IS NOT UNCONSTITUTIONALLY OVERBROAD AND VAGUE AS CHALLENGED HERE

Section 42.07, which is incorporated in section 42.072(a), provides that a person commits harassment if with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person sends repeated electronic communications[1] in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another. *See* PENAL § 42.07(a)(7).

The panel opinion concludes that because the offense described by section 42.07 is "open to various 'uncertainties of meaning,'" its incorporation into section

---

[1] Section 42.07(b)(1) defines "electronic communication" as:

a transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photo-optical system. The term includes:

(A) a communication initiated through the use of electronic mail, instant message, network call, a cellular or other type of telephone, a computer, a camera, text message, a social media platform or application, an Internet website, any other Internet-based communication tool, or facsimile machine; and

(B) a communication made to a pager.

*See* PENAL § 42.07(b)(1).

42.072[2] renders section 42.072 unconstitutionally vague on its face. *See Griswold*, 2021 WL 6049853, at *4. The panel opinion further concludes the stalking statute is unconstitutionally overbroad because the statute includes "electronic communications," which the panel concludes "goes 'beyond a lawful proscription of intolerably invasive conduct and instead reaches a substantial amount of speech protected by the First Amendment.'" *See id.* at *3. More specifically, the panel opinion concludes the inclusion of the terms "harass, annoy, alarm, abuse, torment, embarrass, or offend" leaves the section prohibiting sending "repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another" open to various "uncertainties of meaning." *See id.* at *4.

That is all well enough. But the constitutional vagueness standard we apply here does not require the legislature to craft language free from the prospect of debate, even reasonable debate, over the meaning of its text. *See State v. Doyal*, 589 S.W.3d 136, 146 (Tex. Crim. App. 2019) (reciting standard for constitutional vagueness as "sufficiently clear (1) to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited and (2) to establish determinate

---

[2] That there is expressive conduct that may be proscribed despite being speech is beyond question. *Schenck v. United States*, 249 U.S. 47, 52 (1919). The First Amendment permits "restrictions upon the content of speech in a few limited areas, which are 'of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality.'" *Virginia v. Black*, 538 U.S. 343, 358 (2003) (concluding that threats of violence are outside the First Amendment) (citation omitted).

guidelines for law enforcement"); *Scott v. State*, 322 S.W.3d 662, 669 (Tex. Crim. App. 2010) (holding plain text of section 42.07 "is directed only at persons who [have] the specific intent to inflict emotional distress.").[3]

The controlling question, as I understand it, is whether the statute impermissibly quells *protected* speech and is so unclear in its application that a person of ordinary intelligence would be left to guess at its application. *See Garcia v. State*, 583 S.W.3d 170, 174–75 (Tex. App.—Dallas 2018, pet. ref'd) (First Amendment held to not bar prosecution for threatening to murder police officers on social media). Discerning when an electronic communication is "reasonably likely to" harass or offend another is, to be sure, a challenge, just as determining whether an oral statement is "a true threat" and thus subject to prosecution and conviction despite the obvious free speech implications. *See id.* Any forward-looking attempt to craft language precisely and comprehensively capturing the distinction would surely fail, just as would one attempting to define when a physical "touching" becomes "offensive" to the point of constituting an "assault." That this conduct takes place in the ether is of no moment. Here, as elsewhere, we accept that the final analysis of any lingering questions as to the fit between the facts of a given case and the reasonable reading of the law is best left to jurors, as matters of fact, so long as

---

[3] The very same opinion the panel interprets as abrogating *Scott*'s construction of the intent requirement of section 42.07 in fact focuses on the construction of the phrase "repeated telephone communications," not the phrase "harass, annoy, alarm, abuse, torment, embarrass, or offend." *See Wilson v. State*, 448 S.W.3d 418, 424–25 (Tex. Crim. App. 2014).

the prohibition is *reasonably* described in the statute and the conduct, including speech as conduct, is beyond constitutional protection. *Id.*

No one here doubts that stalking is a bad thing, *see, e.g.*, *Singh v. State*, No. 05-16-00610-CR, No. 05-16-00611-CR, 2018 WL 703329, at *1–2 (Tex. App.—Dallas Feb. 5, 2018, pet. ref'd) (mem. op.), and the legislature has the general power to criminalize such conduct. *Vandyke v. State*, 538 S.W.3d 561, 573 (Tex. Crim. App. 2017) ("[T]he Legislature possesses the sole authority to establish criminal offenses . . . ."). I would conclude a person of ordinary intelligence could understand what is proscribed by the harassment statute.

The panel opinion agrees with the analysis of some of our sister courts of appeals that because section 42.07 expands the definition of harassing conduct to include sending "electronic communications," the scope of the statute prohibits or chills a substantial amount of protected speech, rendering it unconstitutionally broad. *See Griswold*, 2021 WL 6049853, at *4 (citing *State v. Chen*, 615 S.W.3d 376, 384–85 (Tex. App.—Houston [14th Dist.] 2020, pet. filed) (holding section 42.07(a)(7) unconstitutionally overbroad); *Ex parte Barton*, 586 S.W.3d 573, 583–85 (Tex. App.—Fort Worth 2019, pet. granted) (op. on reh'g) (holding section 42.07(a)(7) facially unconstitutional as overbroad and vague)). My understanding of the panel's concern is that by including many forms of communication, the harassment statute prohibits conduct such as posts on social media that could be considered public, rather than private, speech and thus potentially protected by the First Amendment.

–6–

*See Barton*, 586 S.W.3d at 584 ("This provision . . . applies, for example, to facebook posts, message-board posts, blog posts, blog comments, and newspaper article comments.") (quoting *Ex parte Reece*, 517 S.W. 108, 111 (Tex. Crim. App. 2017) (Keller, P.J., dissenting)). My answer is simple: "so what?" A finding that the statute is unconstitutionally overbroad would require a conclusion that the statute prohibits a substantial amount of *protected* expression. *See State v. Johnson*, 475 S.W.3d 860, 865 (Tex. Crim. App. 2015). I do not understand the First Amendment to confer a special right to harass or stalk online any more than it would confer a right to make "true threats" to murder police officers over the internet. *Garcia*, *supra*.

While the phrase "electronic communication" surely expands the reach of the statute to include many forms of communication, culpability under the harassment statute always depends on whether the person actually *intends* to "harass, annoy, alarm, abuse, torment, embarrass, or offend another"—any or all of which fit comfortably in the speech as unlawful conduct rubric of *Schenck* and its progeny. *See* PENAL § 42.07(a)(7) (emphasis added); *see also Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 580 (5th Cir. 2005) ("Courts have made a distinction between communication and harassment."). Thus, subsection 42.07(a)(7) does not seek to criminalize communications protected by the First Amendment. *See, e.g.*, *Chaplinsky v. New Hampshire*, 315 U.S. 568, 572 (1942) (defining constitutionally unprotected class of words—"fighting words"—as those which by their very

utterance inflict injury or tend to incite an immediate breach of the peace).  Rather, it forbids online activities little different from, and no more protected than, the act of yelling "fire" in a crowded theater.  *See Schenck*, *supra* n.2.  From the listener's perspective, there is no difference between hearing "fire" aurally while seated in the theater and reading it on the screen of a phone; the panic and stampede will follow in either case.

Accordingly, I would not conclude section 42.07—or section 42.072 through its incorporation of section 42.07—is unconstitutionally vague or overbroad.

**EN BANC RECONSIDERATION IS APPROPRIATE WHERE A CASE IS ONE OF FIRST IMPRESSION AND DECIDED IN THE CONTEXT OF A SPLIT OF AUTHORITY**

Beyond my concerns with the panel opinion, I disagree with this Court's decision to decline to hear this case *en banc*.

There are fourteen district courts of appeal in this State, and seven have held section 42.072 is not unconstitutionally overbroad or vague.[4]  A minority have held to the contrary with regards to section 42.07, which is incorporated into section 42.072.  *See Chen*, 615 S.W.3d at 384–85 (holding section 42.07(a)(7)

---

[4] *See Ex parte Johnston*, No. 09-19-00445-CR, 2021 WL 1395564, at *3–5 (Tex. App.—Beaumont Apr. 14, 2021, no pet.) (mem. op., not designated for publication) (section 42.072 does not implicate First Amendment protection and therefore is not unconstitutionally overbroad or vague); *Ex parte McDonald*, 606 S.W.3d 856, 863–64 (Tex. App.—Austin 2020, pet. filed) (same); *Ex parte Sanders*, No. 07-18-00335-CR, 2019 WL 1576076, at *4–5 (Tex. App.—Amarillo Apr. 8, 2019, pet. granted) (mem. op., not designated for publication) (same); *Ex parte Hinojos*, No. 08-17-00077-CR, 2018 WL 6629678, at *6 (Tex. App.—El Paso Dec. 19, 2018, pet. ref'd) (not designated for publication) (same); *Ex parte Reece*, No. 11-16-00196-CR, 2016 WL 6998930, at *3 (Tex. App.—Eastland Nov. 30, 2016, pet. ref'd) (mem. op., not designated for publication) (same); *Lebo v. State*, 474 S.W.3d 402, 408 (Tex. App.—San Antonio 2015, pet. ref'd) (same); *Duran v. State*, No. 13-11-00205-CR, 2012 WL 3612507, at *3–4 (Tex. App.—Corpus Christi–Edinburg Aug. 23, 2012, pet. ref'd) (mem. op., not designated for publication) (same).

unconstitutionally overbroad); *Ex parte Barton*, 586 S.W.3d at 583–85 (holding section 42.07(a)(7) facially unconstitutional as overbroad and vague). And, of course, as a dissenter here, I concede that a minority opinion is not necessarily an incorrect one. But, I believe the better reasoned view has been adopted by the overwhelming majority of intermediate appellate courts that have considered the issue. Moreover, and quite apart from whatever one might find as the proper holding, our announcing new law for this Court and adding ourselves into this extant conflict would commend—if not command—us to hear this case *en banc* as we have seen fit to do so in other cases far less momentous in recent years.[5] *See* TEX. R. APP. P. 41.2(c) (en banc consideration disfavored "unless necessary to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc consideration").

## CONCLUSION

Because I disagree with the panel opinion's analysis and conclusions and with this Court's denial of *en banc* reconsideration, I dissent.

---

[5] *See, e.g.*, *Steward Health Care Sys. LLC v. Saidara*, 633 S.W.3d 120, 129 (Tex. App.—Dallas 2021, no pet.); *Faber v. Collin Creek Assisted Living Ctr., Inc.*, 629 S.W.3d 630, 634 (Tex. App.—Dallas 2021, pet. filed); *In re Cook*, 629 S.W.3d 591, 599 (Tex. App.—Dallas 2021, orig. proceeding [mand. pending]); *Hernandez v. Sun Crane & Hoist, Inc.*, 600 S.W.3d 485, 495 n.9 (Tex. App.—Dallas 2020), *rev'd sub nom. JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860 (Tex. 2021); *Inland W. Dallas Lincoln Park Ltd. P'ship v. Hai Nguyen*, 629 S.W.3d 293, 296 (Tex. App.—Dallas 2020, pet. denied) (Burns, C.J., dissenting from withdrawal of grant of en banc review).

/David J. Schenck/

DAVID J. SCHENCK
JUSTICE

191561f.p05