

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1123-19

### EX PARTE CHARLES BARTON, Appellant

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### TARRANT COUNTY

**WALKER, J., delivered the opinion of the Court, in which HERVEY, RICHARDSON, YEARY, and NEWELL, JJ., joined. YEARY, J., filed a concurring opinion. KELLER, P.J., filed a dissenting opinion, in which KEEL, J., joined. SLAUGHTER and MCCLURE, JJ., dissented.**

## O P I N I O N

In this case, the court of appeals held that § 42.07(a)(7) of the Penal Code, the electronic harassment statute, is unconstitutionally vague and overbroad under the First Amendment. The court determined that it was not bound to follow our decision in *Scott v. State*. 322 S.W.3d 662 (Tex. Crim. App. 2010), *disavowed on other grounds by Wilson v. State*, 448 S.W.3d 418, 423 (Tex. Crim. App. 2014). In *Scott*, we held that § 42.07(a)(4) of the Penal Code, the telephone harassment statute, does not implicate the freedom of speech protections of the First Amendment of the United States Constitution because it prohibits non-speech conduct. 322 S.W.3d at 669–70. Today, we clarify our

holding in *Wilson* and its impact upon our holding in *Scott*. Following *Scott*'s precedent, we hold that § 42.07(a)(7), the electronic harassment statute, also fails to implicate the First Amendment's freedom of speech protections because it too prohibits non-speech conduct. We reverse the judgment of the court of appeals.

## I — Background

Charles Barton, Appellant, was charged with violating Penal Code § 42.07(a)(7), the electronic harassment statute, which provided:

> (a)  A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, he:

> (7)  sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.

Act of May 24, 1973, 63d Leg., R.S., ch. 399, § 1, sec. 42.07, 1973 Tex. Gen. Laws 883, 956–57 (amended 2001)[1] (current version at TEX. PENAL CODE Ann. § 42.07(a)(7)).[2] Appellant filed a motion to quash the information arguing that the statute was unconstitutional and that the information failed to provide adequate notice because it lacked specificity. The motion was denied

---

[1]  Appellant's case is governed by the 2001 version of the electronic harassment statute. Accordingly, while we will reference the statute with its current citation, this opinion refers to the 2001 version.

[2]  "Electronic communication" means a transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photo-optical system. The term includes:

(A) a communication initiated by electronic mail, instant message, network call, or facsimile machine; and

(B) a communication made to a pager.

TEX. PENAL CODE Ann. § 42.07(b)(1).

after a hearing. Appellant then filed a pre-trial application for habeas corpus relief again raising the constitutionality of the statute. The trial court denied relief, but the court of appeals held § 42.07(a)(7) unconstitutional and reversed. *Ex parte Barton*, 586 S.W.3d 573, 585 (Tex. App.—Fort Worth 2019) (op. on reh'g). Acknowledging that other appellate courts upheld the constitutionality of § 42.07(a)(7) by applying *Scott*, the court of appeals below nevertheless declined to follow *Scott*—finding that *Scott*'s reasoning was undermined by our later opinion, *Wilson*. *Id.* at 578 n.11, 579–80. The court of appeals found that § 42.07(a)(7) implicated the First Amendment and, following the precedent of its earlier opinion in *Karenev v. State*, held that § 42.07(a)(7) was unconstitutionally vague and overbroad. *Id.* at 580–85 (citing *Karenev v. State*, 258 S.W.3d 210, 213, 218 (Tex. App.—Fort Worth 2008), *rev'd on other grounds*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009)).

> We granted the State's petition for discretionary review which raised two grounds:
>
> 1. The court of appeals decided a facial overbreadth claim that was not preserved at trial or raised on appeal.
>
> 2. Is Tex. Penal Code § 42.07(a)(7), which prohibits harassing electronic communications, facially unconstitutional?

We answer the question raised by State's second ground for review: No. Section 42.07(a)(7) does not implicate the First Amendment, and it satisfies the "rational basis" test. The overbreadth doctrine is inapplicable, and we dismiss the State's first ground for review as moot.

## II — Overbreadth and Preservation of Error

The State's first ground for review argues that the court of appeals erred in considering overbreadth under the First Amendment because Appellant failed to present a proper overbreadth argument in the trial court. The State and Appellant dispute whether the bare assertion, in

Appellant's motion to quash and the hearing on that motion,[3] that the electronic harassment statute is "overly broad" and "chills" protected speech is sufficiently specific to preserve the overbreadth issue for consideration on appeal.

"The First Amendment doctrine of substantial overbreadth is an exception to the general rule that a person to whom a statute may be constitutionally applied cannot challenge the statute on the ground that it may be unconstitutionally applied to others." *Massachusetts v. Oakes*, 491 U.S. 576, 581 (1989). "In the First Amendment context, . . . a law may be invalidated as overbroad if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" *United States v. Stevens*, 559 U.S. 460, 473 (2010) (quoting *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 n.6 (2008)). "[O]utside the limited First Amendment context, a criminal statute may not be attacked as overbroad." *Schall v. Martin*, 467 U.S. 253, 268 n.18 (1984); *United States v. Salerno*, 481 U.S. 739, 745 (1987) ("[W]e have not recognized an 'overbreadth' doctrine outside the limited context of the First Amendment.").

Due to our resolution of the State's second ground for review—that § 42.07(a)(7) does not implicate the First Amendment[4]—overbreadth is inapplicable. *See Martin*, 467 U.S. at 268 n.18; *Salerno*, 481 U.S. at 745. Because the doctrine is inapplicable, whether Appellant's bare references to overbreadth are sufficient to preserve the issue for appeal is entirely academic and unnecessary for our analysis.

We therefore dismiss the State's first ground for review as moot.

---

[3] During the hearing on the pre-trial application for writ of habeas corpus, the trial court took judicial notice of the arguments that were made in the earlier motion to quash the information and the hearing on that motion.

[4] *Infra* Part VI.

**III — Vagueness Challenges Are As-Applied Unless the First Amendment Is Implicated**

The State's second ground for review complains that the court of appeals erred in holding that § 42.07(a)(7) is unconstitutionally vague and overbroad on its face.

Generally, "in addressing a vagueness challenge," courts are to "consider whether the statute is vague as applied to a defendant's conduct before considering whether the statute may be vague as applied to the conduct of others." *Wagner v. State*, 539 S.W.3d 298, 314 (Tex. Crim. App. 2018). "A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law." *Id.* (internal quotations omitted).

This general rule gives way when freedom of speech under the First Amendment is involved. "[W]hen a vagueness challenge involves First Amendment considerations, a criminal law may be held facially invalid even though it may not be unconstitutional as applied to the defendant's conduct." *State v. Doyal*, 589 S.W.3d 136, 144 (Tex. Crim. App. 2019) (internal quotations omitted). A law implicating First Amendment freedoms may be found facially vague without "a showing that there are no possible instances of conduct clearly falling within the statute's prohibitions." *Id.* at 145.

Determining that § 42.07(a)(7) implicates the First Amendment, the court of appeals evaluated vagueness without first considering whether Appellant showed the statute was vague as applied to his own conduct. *See Barton*, 586 S.W.3d at 580–85.

**IV — *Scott v. State*: Conduct Under § 42.07(a)(4) is Non-Speech Conduct**

In finding § 42.07(a)(7) unconstitutionally vague, the court of appeals distinguished our opinion in *Scott*. *See id.* at 579. Although *Scott* involved a First Amendment challenge to a different

subsection of § 42.07—subsection (a)(4), the telephone harassment statute—it has been relied upon by other appellate courts to conclude that subsection (a)(7), the electronic harassment statute, does not implicate the First Amendment. *See, e.g.*, *State v. Grohn*, 612 S.W.3d 78, 83 (Tex. App.—Beaumont 2020, pet. filed); *Ex parte McDonald*, 606 S.W.3d 856, 859–61 (Tex. App.—Austin 2020, pet. filed); *Lebo v. State*, 474 S.W.3d 402, 406–08 (Tex. App.—San Antonio 2015, pet. ref'd).[5]

In *Scott*, the appellant argued that § 42.07(a)(4), the telephone harassment statute, is unconstitutionally "vague and overbroad" in violation of the First Amendment. *Scott*, 322 S.W.3d at 665. This statute provided:

(a)    A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, he:

(4)    causes the telephone of another to ring repeatedly or makes repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another[.]

TEX. PENAL CODE Ann. § 42.07(a)(4). We concluded that the 2001 version of § 42.07(a)(4) is not communicative conduct protected by the First Amendment because the statute criminalizes harassing

---

[5]    *See also Ex parte Sanders*, No. 07-18-00335-CR, 2019 WL 1576076, at *4 (Tex. App.—Amarillo Apr. 8, 2019, pet. granted) (mem. op., not designated for publication); *Ex parte Hinojos*, No. 08-17-00077-CR, 2018 WL 6629678, at *5 (Tex. App.—El Paso Dec. 19, 2018, pet. ref'd) (not designated for publication); *Ex parte Ogle*, No. 03-18-00207-CR, 2018 WL 3637385, at *7 (Tex. App.—Austin Aug. 1, 2018, pet. ref'd) (mem. op., not designated for publication); *Ex parte Reece*, No. 11-16-00196-CR, 2016 WL 6998930, at *3 (Tex. App.—Eastland Nov. 30, 2016, pet. ref'd) (mem. op., not designated for publication); *Blanchard v. State*, No. 03-16-00014-CR, 2016 WL 3144142, at *3 (Tex. App.—Austin June 2, 2016, pet. ref'd) (mem. op., not designated for publication); *Duran v. State*, No. 13-11-00205-CR, 2012 WL 3612507, at *2–3 (Tex. App.—Corpus Christi–Edinburg Aug. 23, 2012, pet. ref'd) (mem. op., not designated for publication).

We note that one other court of appeals agreed with the appellate court in this case, finding that *Scott* does not apply because *Wilson* had undermined *Scott*'s underpinnings. *State v. Chen*, 615 S.W.3d 376, 383 (Tex. App.—Houston [14th Dist.] 2020, pet. filed).

conduct that, although it may include spoken words, is essentially noncommunicative. *Scott*, 322 S.W.3d at 669–70. Furthermore, we determined that "persons whose conduct violates § 42.07(4)(a) will not have an intent to engage in the legitimate communication of ideas, opinions, or information; they will have only the intent to inflict emotional distress for its own sake." *Id.* at 670. We held that because § 42.07(a)(4) does not implicate the First Amendment, Scott failed to show it was unconstitutionally vague on its face. *Id.* at 669, 670–71.

As the court of appeals correctly noted: "Because section 42.07(a)(4) did not reach communicative conduct, it did not implicate the free-speech guarantee of the First Amendment." *Barton*, 586 S.W.3d at 578 (citing *Scott*, 322 S.W.3d at 669–70). The harassing conduct is non-communicative. It is not speech.

### V — *Wilson* did not Change *Scott*'s Holding

Although the court of appeals recognized our holding in *Scott*, it concluded that *Scott*'s reasoning had been undermined by our opinion in *Wilson*. *Id.* at 579–80. In *Wilson*, we revisited § 42.07(a)(4), not on a constitutionality challenge, but on a challenge to the sufficiency of the evidence to support Wilson's conviction. *Wilson*, 448 S.W.3d at 420.

Wilson was charged with violating § 42.07(a)(4), and the evidence showed that she left six voicemail messages on her neighbor's phone over a period of ten months. *Id.* at 420. The court of appeals found the evidence insufficient to show that the telephone communications were "repeated" because the six calls occurred over a ten-month period, and the messages that were not within a thirty-day period of each other were not in close enough proximity to be considered a single episode. *Wilson v. State*, 431 S.W.3d 92, 96 (Tex. App.—Houston [1st Dist.] 2013), *rev'd*, 448 S.W.3d at 426. This analysis followed from a footnote in *Scott*, which stated that:

> The term "repeated" is commonly understood to mean "reiterated," "recurring," or "frequent." . . . Here, we believe that the Legislature intended the phrase "repeated telephone communications" to mean "more than one telephone call in close enough proximity to properly be termed a single episode," because it is the frequent repetition of harassing telephone calls that makes them intolerable and justifies their criminal prohibition.

322 S.W.3d at 669 n.12. The court of appeals identified two messages that it thought might be in close enough proximity to be termed a single episode—one made on August 31 and one made on September 5. *Wilson*, 431 S.W.3d at 96. However, the court of appeals found that there was a legitimate reason for the September 5 call,[6] negating both the element of an intent to harass and the element requiring the call to be made in a manner reasonably likely to harass or annoy. *Id.* According to the court of appeals, without the September 5 call, the remaining calls were too far apart to be considered a "part of a single episode." *Id.* The court of appeals found the element of "repeated" unproven and rendered a judgment of acquittal. *Id.*

On discretionary review, we determined that *Scott*'s footnote twelve was "troublesome," and we accordingly disavowed it. *Wilson*, 448 S.W.3d at 423. We held that "'repeated' means, at a minimum, 'recurrent' action or action occurring 'again.'" *Id.* at 424. "'[O]ne telephone call will not suffice' and a conviction secured by evidence of a single communication will not stand." *Id.* (quoting *Scott*, 322 S.W.3d at 669).

As a result, we found the evidence legally sufficient. *Id.* at 426. Based on

---

[6] In the court of appeals's opinion in *Wilson*, the September 5 message related to her neighbor's driveway construction project. In the message Wilson reported that she saw cement debris in the gutters that needed to be cleaned up. *Wilson*, 431 S.W.3d at 96.

In this Court's opinion on discretionary review, we described this particular message as being made on June 11, and the September 5 message instead demanded that her neighbor never talk to or approach Wilson in public again. *Wilson*, 448 S.W.3d at 420, 421.

the content of the six calls over the ten-month period, combined with evidence of Wilson's combative conduct and verbal abuse toward [her neighbor], the jury could have rationally found that Wilson, with the intent to harass, annoy, alarm, abuse, torment, or embarrass [her neighbor], made repeated telephone communications . . . in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend her.

*Id.*

Regarding the court of appeals's determination that, because the September 5th call was made with a facially legitimate reason it could not be counted among the repeated telephone communications, we disagreed and concluded, "by way of an alternate holding," that the court of appeals's sufficiency analysis was flawed. *Id.* at 425. One reason the analysis was flawed—relevant to Appellant's case before us today—was that "the existence of evidence that may support the conclusion that the call had a facially legitimate purpose does not legally negate the prohibited intent or manner of the call." *Id.*

In Appellant's case, the court of appeals understood our alternate holding to mean that we had "acknowledged that a potential offender could have more than one intent in delivering harassing conduct." *Barton*, 586 S.W.3d at 579. Because we "did acknowledge the potential that a 'facially legitimate' reason may exist in a harassing phone call[,]" the court of appeals read *Wilson* to mean "that a person who communicates with the intent to harass, annoy, alarm, abuse, torment, or embarrass can also have an intent to engage in the legitimate communication of ideas, opinions, information, or grievances." *Id.* As a result, the court of appeals concluded that § 42.07(a)(4), and therefore § 42.07(a)(7), implicated the First Amendment. *Id.* at 580.

*Wilson* should not be read so expansively. *Wilson* dealt with a challenge to the sufficiency of the evidence. We specifically and primarily focused on what is sufficient to show the element of

"repeated." Our "alternate holding," in turn, focused on the sufficiency of the evidence to show the necessary intent, or—more accurately—the impact of evidence of some additional intent beyond the statutory requirement. Our "alternate holding" means that the existence of an intent to engage in the legitimate communication of ideas does not negate the existence of the prohibited intent to harass, annoy, alarm, abuse, torment, or embarrass another. *Wilson*, 448 S.W.3d at 425.

This point bears repeating today. Section 42.07(a)(4) makes it an offense for a person to make repeated telephone communications, where those communications are made in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend, *so long as* the person making said communications has an intent to harass, annoy, alarm, abuse, torment, or embarrass another. TEX. PENAL CODE Ann. § 42.07(a)(4). If the person harbors some extra intent in making those communications, he nevertheless still has an intent to harass, annoy, alarm, abuse, torment, or embarrass another. Unless the separate intent is specifically an intent *not to harass, annoy, alarm, abuse, torment, or embarrass another*, the existence of a separate, facially legitimate intent to communicate does not negate the prohibited intent.

That is the point of *Wilson*'s alternate holding. Our "alternate holding" in *Wilson* was *not* that § 42.07(a)(4) could regulate expressive conduct—speech implicating the First Amendment—if the repeated telephone communications were made with an additional intent to engage in the legitimate communication of ideas.

More importantly, even accepting that a person who violates § 42.07(a)(4) may harbor, alongside an intent to harass, an additional intent to engage in the legitimate communication of ideas, that fact does not convert non-expressive conduct into expressive conduct. The Supreme Court has "rejected the view that 'conduct can be labeled 'speech' whenever the person engaging in the

conduct intends thereby to express an idea.'" *Rumsfeld v. Forum for Acad. & Institutional Rights, Inc.*, 547 U.S. 47, 65–66 (2006) (quoting *United States v. O'Brien*, 391 U.S. 367, 376 (1968)). Instead, First Amendment protection extends "only to conduct that is inherently expressive." *Id.* at 66.

Accordingly, *Wilson*'s recognition that a person violating § 42.07(a)(4) with an intent to harass, annoy, alarm, abuse, torment, or embarrass another may also have an additional intent to engage in the legitimate communication of ideas does nothing to the core holding of *Scott*. Section § 42.07(a)(4), the telephone harassment statute, is a restriction on conduct that is non-expressive and thus not speech. This remains true even if the offense is committed using words, and even if the person does not have the sole intent to harass, annoy, alarm, abuse, torment, or embarrass another.

### VI — *Scott* **Applies to § 42.07(a)(7)**

Several other appellate courts concluded that *Scott*'s reasoning applies to § 42.07(a)(7), the electronic harassment statute, the same way it applies to § 42.07(a)(4), the telephone harassment statute. *See, e.g.*, *Grohn*, 612 S.W.3d at 83; *McDonald*, 606 S.W.3d at 859–61; *Lebo*, 474 S.W.3d at 407; *supra* note 4.

Those courts found that § 42.07(a)(4) and (a)(7) are the same for First Amendment purposes. As the Third Court of Appeals explained in *McDonald*:

> "[t]he free-speech analysis in Scott is equally applicable to subsection 42.07(a)(7)." . . . Although . . . the language in subsections 42.07(a)(4) and 42.07(a)(7) differs slightly in that subsection 42.07(a)(4) "provides an alternative manner of committing the offense by making repeated phone calls 'anonymously,'" . . . the slight "textual difference is inconsequential to the First Amendment analysis" and . . . the remaining statutory language in the two subsections "is identical."

*McDonald*, 606 S.W.3d at 860 (quoting *Blanchard*, 2016 WL 3144142, at *3). Indeed,

all subsections of section 42.07(a) require the same specific intent, that "to harass, annoy, alarm, abuse, torment, or embarrass another." And while subsection (a)(4) is violated when the actor "makes" repeated telephone communications and (a)(7) is violated when the actor "sends" repeated electronic communications, both subsections require for guilt that the repeated communications occur "in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another."

*Sanders*, 2019 WL 1576076, at *3.

We agree. For First Amendment purposes, *Scott*'s holding—that § 42.07(a)(4), the telephone harassment statute, does not implicate the First Amendment—applies equally to § 42.07(a)(7), the electronic harassment statute. The conduct regulated by § 42.07(a)(7) is non-speech conduct that does not implicate the First Amendment.

**VII — Section 42.07(a)(7) is a Facially Constitutional Regulation of Non-Speech Conduct**

Section 42.07(a)(7) does not implicate the First Amendment's freedom of speech protections. Accordingly, we use "the familiar 'rational basis' test" to determine whether the statute is facially unconstitutional. *Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 461 (1981). "The default, 'general rule' or 'standard' is that state action is 'presumed to be valid' and will be upheld if it is but 'rationally related to a legitimate state interest.'" *Estes v. State*, 546 S.W.3d 691, 697 (Tex. Crim. App. 2018) (quoting *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985)). "This general rule 'gives way, however,' when a state action either 'classifies by race, alienage, or national origin,' or 'impinge[s] on personal rights protected by the Constitution.'" *Id.* (quoting *Cleburne Living Center*, 473 U.S. at 440); *Romer v. Evans*, 517 U.S. 620, 631 (1996) ("[I]f a law neither burdens a fundamental right nor targets a suspect class, we will uphold the legislative classification so long as it bears a rational relation to some legitimate end."). In applying the rational basis test:

> Above all, a court should spurn any attempt to turn rational-basis review into a debate over the wisdom, eloquence, or efficacy of the law in question. As its name would suggest, rational-basis review should focus solely on the rationality of the law or state action. Should we determine that the State has invoked a legitimate governmental purpose and, in enforcing its law, has charted a course that is "rationally related" to it, "our inquiry is at an end."

*Estes*, 546 S.W.3d at 698 (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313–14 (1993)).

Is a legitimate governmental interest served by § 42.07(a)(7)? As discussed above, the conduct regulated by § 42.07(a)(7) is roughly equivalent to the conduct regulated by § 42.07(a)(4), the telephone harassment statute—at issue in *Scott*. In *Scott*, we noted that the prohibited conduct—making repeated telephone communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend—"invades the substantial privacy interests of another in an essentially intolerable manner." *Scott*, 322 S.W.3d at 668–69, 670. The State has an interest in vindicating the rights of the people which it serves and an interest in protecting the public welfare. *See State v. Rhine*, 297 S.W.3d 301, 306 (Tex. Crim. App. 2009) ("The legislature may enact laws that enhance the general welfare of the state[.]"); *Williams v. State*, 176 S.W.2d 177, 182 (Tex. Crim. App. 1943) ("the lawmaking bodies of each State pass laws to protect the peace, health, happiness, and general welfare of society, and of the people as a whole."). These interests are legitimate, and § 42.07(a)(7) serves these interests.

Is § 42.07(a)(7) rationally related to serving those interests? Sending repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend would indeed invade the substantial privacy interests of another in an essentially intolerable manner. Undoubtedly, if the idea is to protect the people from having their privacy invaded in such a way, one of the best ways to do that is to punish those who violate that privacy

interest and deter those who would. The means chosen by the Legislature further the interest.

Thus, § 42.07(a)(7) is rationally related to a legitimate governmental interest. As for whether the statute is unconstitutionally vague, because § 42.07(a)(7) does not regulate speech and therefore "does not implicate the free-speech guarantee of the First Amendment," Appellant, "in making his vagueness challenge to that statutory subsection, was required to show that it was unduly vague as applied to his own conduct. He has not done that. Therefore, his vagueness challenge fails." *See Scott*, 322 S.W.3d at 670–71. We hold that § 42.07(a)(7), the electronic harassment statute, is not facially unconstitutional.

We sustain the State's second ground for review.

## VIII — Conclusion

Since § 42.07(a)(7) does not regulate speech, and therefore does not implicate the free-speech guarantee of the First Amendment, the statute is not susceptible to an overbreadth challenge. Thus, we need not address whether Appellant preserved his overbreadth issue for appellate review. As a regulation of non-speech conduct, § 42.07(a)(7) is not facially unconstitutional because it is rationally related to a legitimate governmental interest. The question of whether the statute is vague will have to wait for a proper as-applied challenge.

We reverse the judgment of the court of appeals and remand to that court for proceedings consistent with this opinion.


Delivered: April 6, 2022
Publish