

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00115-CR

---

KEVIN J. OWENS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from County Court at Law Number 11
Bexar County, Texas
Trial Court No. 603172, Honorable Erica Pena, Presiding

---

January 5, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Kevin J. Owens, was convicted by a jury of harassment, sentenced to six months in jail, and assessed a $500 fine.[1] He challenges his conviction by seven issues as follows:[2]

---

[1] TEX. PENAL CODE ANN. § 42.07(a)(7).

[2] Originally appealed to the Fourth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Fourth Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

1. The trial court erred in holding section 42.07(a)(7) of the Penal Code is constitutional on its face.

2. The evidence is insufficient to show a harassing manner of communication.

3. The trial court erred in holding section 42.07(a)(7) was constitutionally applied to him.

4. The trial court erred by admitting evidence of the content of his communications.

5. The trial court erred in failing to instruct the jury that it is a defense to harassment if the person's speech is constitutionally protected.

6. The evidence was insufficient to show that his communications were unprotected speech.

7. The jury charge, which allowed a non-unanimous verdict on two elements of the offense, constituted structural error.

We affirm.

## BACKGROUND

In 2016, Dr. Lindsay Bira began her private practice as a psychologist. Appellant reached out to her by email seeking therapy following a divorce. After eleven weekly in-person sessions, Appellant terminated the professional relationship. A year and a half later, in May 2018, Appellant began expressing his dissatisfaction with Dr. Bira's treatment of him by sending her emails, text messages, and a Facebook message demanding a refund of $1,785.[3]

Dr. Bira was the sole witness at trial. She testified that during Appellant's third session, he indicated he was not benefitting from therapy but continued with more

---

[3] He accused Dr. Bira of exploiting him, abusing him, abandoning him, raping him, tricking him, and cheating him. He referred to her as a "shitty therapist." He also referred to her as "eye candy" and insinuated she was a prostitute.

2

sessions. Dr. Bira testified she became uncomfortable in future sessions by things revealed by Appellant. She described his behavior as hostile, and she consulted colleagues on how to best terminate the relationship and refer him to another psychologist. Appellant refused a referral. He subsequently canceled all future sessions and emailed her to never contact him again.

The trial court admitted, over various objections by the defense, sixteen exhibits offered by the State. Those exhibits consisted of twenty-five emails, three text messages, and one Facebook message spanning from May 13, 2018, through July 16, 2018. Although Appellant sought a refund of fees for his treatment, the messages contained hostile accusations and profane language. Dr. Bira reported the messages to the San Antonio Police Department and Appellant was eventually charged by information with two counts of harassment for sending repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend Dr. Bira. Following his conviction on both counts, he pursued this appeal.

### ISSUES ONE AND THREE—CONSTITUTIONALITY OF SECTION 42.07(a)(7)

Appellant contends section 42.07(a)(7) is facially unconstitutional (issue one) and also unconstitutional as applied to him (issue three). We disagree.

The constitutionality of a criminal statute is a question of law we review de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). Our review of a statute's constitutionality presumes the statute is valid and that the Legislature was neither unreasonable nor arbitrary in enacting it. TEX. GOV'T CODE ANN. § 311.021; *Tenet Hosps. Ltd. v. Rivera*, 445 S.W.3d 698, 701 (Tex. 2014).

3

**Facial Challenge**

Section 42.07(a)(7) criminalizes the sending of repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another. TEX. PENAL CODE ANN. § 42.07(a)(7). The Court of Criminal appeals reaffirmed that a prior version of the electronic harassment statute was not facially unconstitutional and did not violate First Amendment protections because it prohibits non-speech conduct. *See Ex parte Sanders*, 663 S.W.3d 197, 215–16 (Tex. Crim. App. 2022). *See also Ex parte Barton*, 662 S.W.3d 876, 884–85 (Tex. Crim. App. 2022). The Court, however, deferred a decision on an "as applied" challenge until a proper case presented itself. *Ex parte Barton*, 662 S.W.3d at 885.

While Appellant acknowledges those decisions, he advances his arguments based on the United States Supreme Court's decision in *Counterman v. Colorado*, 600 U.S. __, 143 S. Ct. 2106, 216 L. Ed. 2d 775 (2023). He contends *Counterman* casts doubt on *Ex parte Sanders*. He also claims appeals are pending in the Court of Criminal Appeals which may involve revisiting the decision in *Ex parte Sanders*. Finally, he posits the reasoning in *Ex parte Sanders* is incorrect.

In *Counterman*, which involved thousands of Facebook posts, the United States Supreme Court vacated a stalking conviction and held that in "true threat" cases which are outside the bounds of First Amendment protection, the State must prove the defendant had some subjective understanding of the threatening nature of his statements, but the First Amendment requires no more demanding a showing than recklessness. 143 S. Ct. at 2112. The Colorado statute at issue criminalized "any form of communication" whereas section 42.07(a)(7) of the Penal Code does not. The United States Supreme

Court did not address whether the proscribed conduct was "speech" for purposes of the First Amendment.

The Fourteenth Court of Appeals recently addressed *Counterman* in an electronic harassment case and found the United States Supreme Court did not specifically examine whether the elements of the harassment statute were noncommunicative as the Court of Criminal Appeals has held in both *Ex parte Sanders* and *Ex parte Barton*. *See Ex parte Ordonez*, No. 14-19-01005-CR, 2023 Tex. App. LEXIS 5389, at *10–11 (Tex. App.—Houston [14th Dist.] July 25, 2023, no pet. h.) (mem. op., not designated for publication). The Fourteenth Court of Appeals found *Counterman* did not alter its analysis of the Texas harassment statute. *Id.*

While *Ex parte Sanders* is still good law, this Court is bound to follow it. *See Gardner v. State*, 478 S.W.3d 142, 147 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). *See also Mitschke v. Borromeo*, 645 S.W.3d 251, 256 (Tex. 2022) (recognizing the principles of *stare decisis*). The transferor court has also held that section 42.07(a)(7) is constitutional. *See Lebo v. State*, 474 S.W.3d 402, 408 (Tex. App.—San Antonio 2015, pet. ref'd).[4] Lebo was charged with harassment through repeated electronic communications, specifically sending repetitive "threatening and combative" emails to a

---

[4] Other courts of appeal have affirmed the constitutionality of section 42.07(a)(7). *State v. Grohn*, 612 S.W.3d 78, 81–82 (Tex. App.—Beaumont 2020, pet. ref'd); *Ex parte McDonald*, 606 S.W.3d 856, 859–62 (Tex. App.—Austin 2020, no pet.); *Tarkington v. State*, No. 12-19-00078-CR, 2020 Tex. App. LEXIS 2254, at *8–9 (Tex. App.—Tyler Mar. 18, 2020, no pet.) (mem. op., not designated for publication); *Ex parte Hinojos*, No. 08-17-00077-CR, 2018 Tex. App. LEXIS 10530, at *14 (Tex. App.—El Paso Dec. 19, 2018, pet. ref'd) (mem. op., not designated for publication); *Ex parte Reece*, No. 11-16-00196-CR, 2016 Tex. App. LEXIS 12649, at *7 (Tex. App.—Eastland Nov. 30, 2016, pet. ref'd) (mem. op., not designated for publication); *Blanchard v. State*, No. 03-16-00014-CR, 2016 Tex. App. LEXIS 5793, at *7–8 (Tex. App.—Austin June 2, 2016, pet. ref'd) (mem. op., not designated for publication); *Duran v. State*, Nos. 13-11-00205-CR, 13-11-00218-CR, 2012 Tex. App. LEXIS 7110, at *7–8 (Tex. App.—Corpus Christi Aug. 23, 2012, pet. ref'd) (mem. op., not designated for publication).

police detective. *Id.* at 404. The Fourth Court of Appeals relied on *Scott v. State*, 322 S.W.3d 662 (Tex. Crim. App. 2010), *disavowed on other grounds*, *Wilson v. State*, 448 S.W.3d 418, 423 (Tex. Crim. App. 2014). *Scott* held the telephone harassment portion of section 42.07 did not implicate the First Amendment's guarantee of free speech. *Lebo*, 474 S.W.3d at 407. *Lebo* applied the analysis in *Scott* to section 42.07(a)(7) and noted that any difference in text is "inconsequential to the First Amendment analysis." *Id.* at 407. *Scott* acknowledged the First Amendment's free speech protections but concluded the State "may lawfully proscribe communicative conduct . . . that invades the substantial privacy interests of another in an essentially intolerable manner." *Scott*, 322 S.W.3d at 668–69. The *Lebo* Court noted that as with *Scott* and the telephone harassment statute, repeated emails made with the specific intent to inflict one of the designated types of emotional distress listed in the statute "for its own sake" invade the substantial privacy interests of the victim in "an essentially intolerable manner." 474 S.W.3d at 408 (quoting *Scott*, 322 S.W.3d at 670). The *Lebo* Court held section 42.07(a)(7) does not implicate protected speech under the First Amendment. 474 S.W.3d at 408.

Additionally, the gravamen of section 42.07(a)(7) is the sending of repeated electronic communications intended to elicit the sentiments described in the statute. *Ex parte Sanders*, 663 S.W.3d at 215. The prohibited conduct is noncommunicative and such non-speech conduct does not suddenly implicate First Amendment scrutiny. *Id. See Ex parte Ordonez*, 2023 Tex. App. LEXIS 5389, at *7–8 (concluding the 2017 version of the electronic harassment statute did not alter the gravamen of the offense and as with earlier versions of the statute analyzed in *Ex parte Sanders* and *Ex parte Barton*, the First Amendment is not implicated). Thus, section 42.07(a)(7) passes muster when faced with

a challenge that the statute is unconstitutional on its face. *See generally Ex parte Moy*, 523 S.W.3d 830, 836 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (holding statute criminalizing online solicitation of a minor regulates conduct and unprotected speech and is therefore constitutional).

In the underlying case, Appellant's conduct of sending repeated emails and texts invaded Dr. Bira's privacy interests. Dr. Bira testified some of the emails were lengthy and included details of her personal life. He made accusations in some of the emails which are intolerable in any situation including a health provider/patient relationship. In seeking a refund of the fees he paid, he accused Dr. Bira of being a prostitute and alleged she exploited, abused, and raped him. Appellant's communications were intended to inflict the types of emotional distress addressed in the statute. Appellant's facial constitutional challenge fails. Issue one is overruled.

**"As Applied" Challenge**

An "as applied" challenge asserts a statute, while generally constitutional, operates unconstitutionally as to the claimant who raises the issue because of his particular circumstances. *Rivera*, 445 S.W.3d at 702. A litigant who raises an "as applied" challenge concedes a statute's general constitutionality. *City of Corpus Christi v. PUC of Tex.*, 51 S.W.3d 231, 241 (Tex. 2001).

Here, Appellant does not concede section 42.07(a)(7) is constitutional as demonstrated by his first issue. Nevertheless, he complains he is being punished by the content of his messages because they caused Dr. Bira to feel harassed. We disagree. As noted by *Ex parte Sanders*, words can be used to commit the offense, but the conduct

7

prohibited by the statute is distinct from recognized categories of expressive conduct. *Ex parte Sanders*, 663 S.W.3d at 213. This Court has acknowledged that any speech affected by a statute that is integral to criminal conduct is not protected by the First Amendment. *Ex parte Claycomb*, 657 S.W.3d 850, 855 (Tex. App.—Amarillo 2022, pet. ref'd) (applying *Ex parte Sanders* and *Ex parte Barton* to analyze statute criminalizing online impersonation). Because the words used to harass Dr. Bira are outside the protections of the First Amendment, Appellant has not shown that section 42.07(a)(7) operates unconstitutionally as applied to his circumstances. Nor has he overcome the presumption of the statute's constitutionality. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). Thus his "as applied" challenge also fails. Issue three is overruled.

ISSUE TWO—SUFFICIENCY OF THE EVIDENCE

Appellant contends the evidence is insufficient to show he sent the messages in a harassing, annoying, alarming, abusive, tormenting, embarrassing, or offensive manner. We disagree.

The only standard a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). We consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, any rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

The State was required to show Appellant sent repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend Dr. Bira. TEX. PENAL CODE ANN. § 42.07(a)(7). "Electronic communication" includes emails, cellular phone calls, and text messages. § 42.07(b)(1). "Repeated" has been interpreted as "at a minimum, 'recurrent' action or action occurring 'again.'" *Ex parte Barton*, 662 S.W.3d at 882 (citing *Wilson*, 448 S.W.3d at 423).

Appellant does not dispute he repeatedly sent messages, which is the gravamen of the statute. *Ex parte Sanders*, 663 S.W.3d at 215. Rather, he argues the evidence does not show he did so in any of the *manners* described by section 42.07(a)(7). Within a short time period between May 13, 2018, and July 16, 2018, he sent more than two dozen communications to Dr. Bira. On some days, he would send multiple communications. His communications also included texts and he created a fake Facebook account to message her. She blocked all "Kevin Owens" on social media.

Dr. Bira testified Appellant's communications sickened her, scared her, and terrified her. As the communications escalated, she felt harassed, tortured, threatened, and also worried about her safety. She also described being embarrassed by the communications. During cross-examination, when asked if anyone can file a complaint against a psychologist, she answered without objection "I had enough evidence that he was harassing me." Dr. Bira's testimony provided sufficient evidence of Appellant's intent to inflict several types of emotional distress listed in the statute by his repeated communications. Issue two is overruled.

**ISSUE FOUR—ERROR IN ADMISSION OF CONTENT OF MESSAGES**

Appellant maintains the trial court erred in admitting the content of his messages because the harassment statute does not depend on what the communications are and doing so allowed the jury to improperly convict him based on that content. Relying on Rule 401 of the Texas Rules of Appellate Procedure, here, he maintains the content was not relevant. The State asserts his relevance argument was not preserved for appellate review. We agree with the State.

Appellant made numerous objections at trial and was granted a running objection to admission of the content of his messages as protected speech under the First Amendment.[5] However, Appellant made no relevant objections regarding the content of the messages. Thus, Appellant's argument on appeal raising relevance does not comport with the objections raised during trial. *See Hallmark v. State*, 541 S.W.3d 167, 171 (Tex. Crim. App. 2017); *Moreno v. State*, No. 04-19-00280-CR, 2020 Tex. App. LEXIS 4645, at *16 (Tex. App.—San Antonio June 24, 2020, pet. ref'd). As such, his complaint of error by the trial court in admitting the content of his messages was not preserved for review. Issue four is overruled.

**ISSUE FIVE—FAILING TO INSTRUCT THE JURY ON REQUESTED DEFENSIVE ISSUE**

Appellant contends the trial court should have instructed the jury that it is a defense to harassment if the actor's speech is constitutionally protected. We disagree.

---

[5] The only relevance objections raised during trial were in response to the complainant's testimony on the meaning of the term "incel" and how one of Appellant's messages made her feel, to which she answered, "it's irrelevant."

10

During the charge conference, defense counsel requested the following defensive instruction:

> It is a defense to the crime of harassment if a person's speech falls into one of the recognized categories of historically protected speech. As a general matter, the First Amendment means the government has no power to restrict expression, because of the message, its ideas, the subject matter, or its content and as a result, the United States Constitution demands that content-based restrictions on speech be presumed invalid and that the government bear the burden of showing their constitutionality. Therefore, if you find that the speech of [Appellant] falls into a recognized category of historically protected speech, you must find [Appellant] not guilty.

The trial court denied the requested instruction.

On appeal, Appellant concedes the requested instruction was not "perfect" and also concedes it is not a defense to harassment that speech is *protected*. Here, he attempts to rewrite the requested instruction to recite that it should have been "unless you find that the speech of [Appellant] falls into a recognized category of historically *unprotected* speech, you must find [Appellant] not guilty." He contends the instruction requested during the charge conference "was close enough to notify the trial court of the problem" and the denial of the instruction caused him egregious harm.

To avoid procedural default, all a party is required to do is "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Resendez v. State*, 306 S.W.3d 308, 312–13 (Tex. Crim. App. 2009). Assuming for the sake of argument that Appellant did preserve his complaint, we nevertheless find the trial court's denial of the requested instruction was not erroneous.

11

Relying on four cases from other jurisdictions outside Texas, Appellant contends he was egregiously harmed because the trial court's failure to instruct the jury as he requested allowed him to be punished for the content of his communications rather than for his conduct. As succinctly pointed out by the State, Appellant's argument fails because the Texas Court of Criminal Appeals has held in *Ex parte Sanders* and *Ex parte Barton* that section 42.07(a)(7) does not implicate the First Amendment. Those cases are the precedent this Court must follow. Also, Appellant was not entitled to the requested instruction because the Texas Penal Code does not provide a statutory First Amendment defense to harassment. *See Walters v. State*, 247 S.W.3d 204, 211 (Tex. Crim. App. 2007) (holding there is no right to a defendant's requested jury instruction not found in the Penal Code).[6] Issue five is overruled.

**ISSUE SIX—INSUFFICIENCY OF THE EVIDENCE TO SHOW COMMUNICATIONS WERE UNPROTECTED SPEECH**

Appellant contends the State did not present any evidence of the categories of unprotected speech i.e., obscenity, child pornography, fraud, defamation, etc., and thus, the State failed "to prove the 'unprotected speech' element of a hypothetically correct jury charge." We disagree.

As clarified in our analysis of issue five, the State was not required to prove Appellant's speech fell into a historically recognized category of unprotected speech. Thus, a hypothetically correct jury charge would not have included such an instruction.

---

[6] Appellant's argument would have increased the State's burden of proof by adding the additional element of requiring a jury to find Appellant's speech fell into a historically recognized category of unprotected speech. The harassment statute does not require such proof.

We need not address the sufficiency of the evidence of an element that is not required by the harassment statute. Issue six is overruled.

**ISSUE SEVEN—JURY CHARGE ERROR ALLOWED A NON-UNANIMOUS VERDICT**

Appellant contends the charge did not require the jury to agree on the specific intents listed in section 42.07(a)(7). He contends the erroneous charge constitutes structural error which defies a harm analysis. We disagree.

Appellate review of claimed jury-charge error involves a two-step process. *See Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). *See also Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). A reviewing court must initially determine whether charge error occurred. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015). If an appellate court finds charge error, the next step requires the reviewing court to analyze that error for harm. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). If no error is found, a reviewing court need not engage in the second step. *Allen v. State*, No. 07-22-00146-CR, 2023 Tex. App. LEXIS 5190, at *8 (Tex. App.—Amarillo June 30, 2023, pet. ref'd) (mem. op., not designated for publication).

The gravamen of section 42.07(a)(7) is the sending of repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend. *Ex parte Sanders*, 663 S.W.3d at 215. As such, the statute describes a nature-of-conduct offense. *Price v. State*, 457 S.W.3d 437, 441 (Tex. Crim. App. 2015). *Ex parte Sanders* held the conduct of sending repeated electronic

13

communications proscribes non-speech conduct and does not implicate the protections of the First Amendment.[7]  663 S.W.3d at 216.

Texas requires that a jury reach a unanimous verdict about the specific crime the defendant committed.  *O'Brien v. State*, 544 S.W.3d 376, 382 (Tex. Crim. App. 2018). But the jury does not have to find the defendant committed that crime in one specific way. *Id.* The requirement of jury unanimity is not violated by a charge which presents the jury with the option of choosing among various methods of committing the statutorily-defined offense.  *Jourdan v. State*, 428 S.W.3d 86, 94 (Tex. Crim. App. 2014); *Francis v. State*, 36 S.W.3d 121, 124 (Tex. Crim. App. 2000).  When the jury is presented alternate means of committing an offense in the disjunctive, it is appropriate for the jury to return a general verdict for that offense if the evidence supports a conviction under any one of them. *Kitchens v. State*, 823 S.W.3d 256, 258 (Tex. Crim. App. 1991).

In support of his argument of structural jury charge error, Appellant relies on *Alleyne v. United States*, 570 U.S. 99, 102–18, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). *Alleyne* held that facts which increase a federal mandatory minimum sentence are elements which must be submitted to a jury.  570 U.S. at 103–04.  The State asserts Appellant's reliance on *Alleyne* is misplaced and we agree.  The Texas harassment statute provides for proof of intent by different methods which do not constitute elements of the offense because they do not increase a mandatory minimum sentence or decrease

---

[7] Appellant asserts *Ex parte Sanders* was wrongly decided.  For purposes of this opinion, *Ex parte Sanders* is precedent from a higher court we are obligated to follow under the doctrine of *stare decisis*.  *See Gutierrez v. State*, 663 S.W.3d 128, 132 (Tex. Crim. App. 2022).

14

a mandatory maximum sentence. They are merely alternate means of committing harassment for which jury unanimity is not required. *Francis*, 36 S.W.3d at 124.

Here, the charge submitted to the jury did not violate the requirement of jury unanimity because there was no risk Appellant was convicted of different offenses. Thus, the charge submitted to the jury was not erroneous. Having found no error, we need not address the second step of the *Almanza* analysis. Issue seven is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.

15